House v. House

NONNIE H. HOUSE v. WOODROW W. HOUSE AND LOYD VICTOR BELL, JR.

No. 749SC381

(Filed 7 August 1974)

**Process § 16; Rules of Civil Procedure § 4— service of process on non-resident driver — alternate methods**

In an action growing out of a motor vehicle accident in this State, service of process may be made on a nonresident driver either by service on the Commissioner of Motor Vehicles pursuant to G.S. 1-105 or by service by registered mail with return receipt requested pursuant to G.S. 1A-1, Rule 4(j)(9).

APPEAL by defendant Bell from *Bone, Judge,* 5 November 1973 Session of FRANKLIN County Superior Court.

This is an action for personal injuries brought by the plaintiff guest passenger against her husband, Woodrow House, the operator of one motor vehicle, and Loyd Victor Bell, Jr., a Virginia resident, the operator of the other vehicle involved in the collision. The collision took place in Guilford County on 28 November 1971. Suit was instituted in Franklin County on 20 March 1972. The defendant Bell received summons and complaint by registered mail, return receipt requested, on 21 March 1972, and signed the receipt on 22 March. No answers or pleadings were filed by the defendant Bell. An affidavit by the attorney for the plaintiff was filed on 26 September 1972, and entry of default was filed 6 October 1972. On 18 October 1972, the defendant Bell made a special appearance and moved to set aside the service of summons. This motion was denied, and the defendant Bell gave notice of appeal.

*Hubert H. Senter for plaintiff-appellee.*

*Teague, Johnson, Patterson, Dilthey and Clay, by I. Edward Johnson for defendant-appellant.*

CARSON, Judge.

The defendant contends that G.S. 1-105, which provides for service of process on non-resident drivers of motor vehicles, is exclusive; and an attempt to serve him by mail violates the fourteenth amendment to the Constitution of the United States by depriving him of his property without due process and denies him equal protection of law. The validity of service pursuant to

House v. House

G.S. 1-105, which designates the Commissioner of Motor Vehicles as process agent for non-resident drivers, has been repeatedly upheld and is not challenged here. *Ewing v. Thompson*, 233 N.C. 564, 65 S.E. 2d 17 (1951) ; *Davis v. Martini*, 233 N.C. 351, 64 S.E. 2d 1 (1951). We do not believe, however, that its validity makes it exclusive. The fundamental requisite of due process is notice and an opportunity to be heard. *Acceptance Corp. v. Spencer*, 268 N.C. 1, 149 S.E. 2d 570 (1966). See *Denton v. Ellis*, 258 F. Supp. 223 (EDNC 1966).

Rule 4 (j) (9) of the North Carolina Rules of Civil Procedure provides an alternative method for service on parties that cannot otherwise be served, or that are not inhabitants of, or found within this State. It requires an affidavit to be filed by the attorney for the plaintiff setting forth why such service is necessary. The summons and complaint then must be served by registered mail with return receipt requested. Rule 4(j) (9) is not restricted to any one type of civil case. We do not agree with the defendant's contention that it is not available for accidents involving motor vehicles.

We further note that the General Assembly repealed G.S. 1-105 by the 1967 Session Laws effective 1 January 1970. The 1971 General Assembly reinstated 1-105 effective 1 July 1971. For a period of one and one-half years Rule 4(j) (9) was the only service available for serving out of state motorists. If it was available then, we do not think it was made ineffective by the re-enactment of G.S. 1-105. When G.S. 1-105 was re-enacted, if the General Assembly had wanted to make it exclusive, it could have easily done so. In the absence of such legislative restriction, we hold that either method of service is available to serve a non-resident operator of a motor vehicle under appropriate circumstances.

No error.

Judges PARKER and VAUGHN concur.