IN THE MATTER OF THE ESTATE OF DANIEL JAMES COX, JR.

No. 7729SC622

(Filed 6 June 1978)

**Rules of Civil Procedure § 4— service by registered mail—return receipt not signed by respondent**

The trial court erred in concluding that service of process on respondent by registered mail pursuant to G.S. 1A-1, Rule 4(j)(9)(b) was insufficient because the return receipt was not personally signed by respondent where the mail was addressed to respondent "c/o Ms. Valeri Mixon Tellegrini, Box 3904, 403 Allewood Drive, Charlotte, North Carolina," and the return receipt was signed by Vallaree M. Pellegrinni, since it can be inferred that Vallaree M. Pellegrinni received the mail on behalf of the respondent, and it can be assumed that she was a person of reasonable age and discretion authorized to receive mail and sign the receipt for the addressee.

APPEAL by petitioner appellant, Betris Cox Melton, from *Graham, Judge.* Order entered 20 April 1977 in Superior Court, RUTHERFORD County. Heard in the Court of Appeals 26 April 1978.

Petitioner (mother) instituted this special proceedings seeking to have it declared that respondent (father) had abandoned decedent (son) and was, therefore, not entitled to administer decedent's estate or to take from the estate by intestate succession. Summons was returned unserved by the Mecklenburg Sheriff and petitioner sought to serve her petition by registered mail. Petitioner filed an affidavit alleging service by registered mail and attached a receipt of delivery. The receipt reveals that the mail was

addressed to Mr. Daniel James Cox, Sr., c/o Mrs. Valeri Mixon Tellegrini, Box 3904, 403 Allewood Drive, Charlotte, North Carolina, and that the mail was received by Vallaree M. Pellegrinni as evidenced by her signature. Respondent moved to dismiss for insufficiency of service. The Clerk of Superior Court denied the motion. Respondent appealed to Superior Court where an order was entered finding facts and concluding that service "was not completed according to law for that the registry receipt attached to the Affidavit did not bear the signature of Daniel James Cox, Sr., the party upon whom service was sought to be served." The judge declared service invalid and remanded the proceedings to the clerk. Petitioner appealed.

*George R. Morrow and J. H. Burwell, Jr., for the petitioner appellant.*

*Frank L. Schrimsher and John W. Beddow, for the respondent appellee.*

MARTIN, Judge.

The question presented by this appeal is whether the trial court erred in concluding that service of process by registered or certified mail, pursuant to G.S. 1A-1, Rule 4(j)(9)(b), is invalid if not personally signed by the party upon whom service of process is sought.

G.S. 1A-1, Rule 4(j)(9)(b) provides:

"(9) Alternative Method of Service on Party That Cannot Otherwise Be Served or Is Not Inhabitant of or Found Within State.—Any party that cannot after due diligence be served within this State in the manner heretofore prescribed in this section (j), or that is not an inhabitant of or found within this State, or is concealing his person or whereabouts to avoid service of process, or is a transient person, or one whose residence is unknown, or is a corporation incorporated under the laws of any other state or foreign country and has no agent authorized by appointment or by law to be served or to accept service of process, service upon the defendant may be made in the following manner:

\* \* \*

"b. Registered or Certified Mail. — Any party subject to service of process under this subsection (9) may be served by mailng a copy of the summons and complaint, registered or certified mail, return receipt requested, addressed to the party to be served. *Service shall be complete on the day the summons and complaint are delivered to the addressee*, but the court in which the action is pending shall, upon motion of the party served, allow such additional time as may be necessary to afford the defendant reasonable opportunity to defend the action. Before judgment by default may be had on such service, the serving party shall file an affidavit with the court showing the circumstances warranting the use of the service by registered or certified mail and averring (i) that a copy of the summons and complaint was deposited in the post office for mailing by registered or certified mail, return receipt requested, (ii) that it was in fact received as evidenced by the attached registered or certified receipt or other evidence satisfactory to the court of delivery to the addressee and (iii) that the genuine receipt or other evidence of delivery is attached. This affidavit shall be prima facie evidence that service was made on the date disclosed therein in accordance with the requirements of this paragraph, and shall also constitute the method of proof of service of process when the party appears in the action and challenges such service upon him." (Emphasis added.)

Petitioner contends that the court erred since the aforementioned rule does not require delivery to the "addressee only" and does not specify that the personal signature of the party sought to be served is an absolute requirement. Petitioner further argues that the rule should be construed liberally and that her affidavit of service establishes a prima facie case which was not rebutted by respondent. Respondent takes the position that a registered mail receipt under Rule 4(j)(9)(b) must bear "either the personal signature of the party sought to be served or a signature which on its face purported to be made in an agency capacity." Otherwise, respondent argues, service could be had upon a defendant by sending the mail to anyone.

In the case of *Lewis Clarke Associates v. Tobler*, 32 N.C. App. 435, 232 S.E. 2d 458, *cert. denied* 292 N.C. 641, 235 S.E. 2d 60 (1977), this Court confronted the question of the validity of service by mail where the process was addressed to George P. Tobler, and was received and signed "G.P.T. by E.S." Holding that plaintiff's affidavit and signed returned receipt showed sufficient compliance with Rule 4(j)(9)(b), the Court in *Tobler* relied upon the reasoning expressed by Professor Louis, principal author of Rule 4(j)(9), in 49 N.C.L. Rev. 235 (1971) and stated:

> "[T]he provision in Rule 4(j)(9)(b) providing that service of process will be complete when the copies of the summons and complaint are 'delivered to the addressee,' contemplates merely that the registered or certified mail be delivered to the address of the party to be served and that a person of reasonable age and discretion receive the mail and sign the return receipt on behalf of the addressee."

On the facts of *Tobler*, this Court held that it could be reasonably inferred that "E.S." received the mail on behalf of Tobler. We believe the reasoning of the Court in *Tobler* is equally applicable to the instant case. In the case at bar, it is a reasonable inference from the return receipt that the summons and complaint were delivered to a person, Valeri Mixon Tellegrini, at an address where respondent apparently received correspondence, he being a transient person. Because of this relationship, we think it can further be reasonably inferred that Valeri Mixon Tellegrini received the summons and complaint on behalf of respondent. The fiction of agency, employed by the courts in accepting a receipt signed by another as proof of service by registered mail, is one "assumed from the relationship between the addressee and the person signing rather than proved." 49 N.C.L. Rev. 235, 255, n. 101 (1971). Finally, it can be assumed that Valeri Mixon Tellegrini was a person of reasonable age and discretion authorized to receive mail and sign the receipt for the addressee.

The return receipt and affidavit of petitioner's attorney averring that after due and diligent search personal service could not be made upon respondent in that he is a transient person, and that copies of the petition and summons were deposited in the U.S. Post Office for mailing on 21 December 1976 by registered mail, return receipt requested, together show sufficient com-

pliance with Rule 4(j)(9)(b) to raise a rebuttable presumption of valid service. *See Finance Co. v. Leonard*, 263 N.C. 167, 139 S.E. 2d 356 (1964). Respondent has made no attempt to rebut this presumption by showing that he did not receive copies of the summons and petition.

We hold, therefore, that the court erred in concluding that service of process was insufficient because the return receipt was not personally signed by respondent.

Reversed.

Judges MORRIS and ARNOLD concur.