CARL O. HOCKE, Plaintiff v. BENEDICT K. HANYANE, Defendant

No. 9318SC726

(Filed 2 May 1995)

**Process and Service § 74 (NCI4th)— summons addressed to defendant at mother's home in South Africa—sufficiency of service of process**

The trial court did not err in entering default judgment against defendant under circumstances in which service of process was made to the address of defendant's mother in South Africa and not to the address of defendant, since the return receipt indicated the complaint and summons were in fact received at the stated address by the individual whose signature appeared thereon; defendant made no attempt to rebut his presumed receipt of a copy of the complaint and summons; defendant's signature appeared on the return receipt; service was not declined or rejected on grounds that the individual to be served was not available at the designated premises; defendant was a transient and apparently attempted to avoid financial obligations in the United States by returning to South Africa; plaintiff testified that the signature was that of defendant; and defendant's attorney testified that he went over the complaint, received by him from plaintiff's attorney, "piece by piece" prior to accomplishment of service.

**Am Jur 2d, Process §§ 357 et seq.**

**Necessity and sufficiency of service of process under due process clause of Federal Constitution's Fourteenth Amendment—Supreme Court cases. 100 L. Ed. 2d 1015.**

Appeal by defendant from judgment filed 22 February 1993 by Judge W. Douglas Albright in Guilford County Superior Court. Heard in the Court of Appeals 23 March 1994.

*Gabriel Berry & Weston, by M. Douglas Berry, for plaintiff-appellee.*

*Harris & Iorio, by Douglas S. Harris, for defendant-appellant.*

## HOCKE v. HANYANE

[118 N.C. App. 630 (1995)]

JOHN, Judge.

Defendant appeals entry of judgment by default. He contends the trial court erred by: (1) rendering judgment following inadequate service of process, (2) basing the judgment upon rumor and speculation, and (3) proceeding to judgment prior to the filing of executed summons. Defendant's assertions are unfounded.

Facts and procedural information pertinent to this appeal are as follows: In February 1988, Benedict Hanyane (defendant) was seriously injured in an automobile accident and thereafter remained totally disabled for a lengthy period of time. Carl Hocke (plaintiff) loaned defendant considerable sums of money to assist with his financial difficulties. These funds were provided from plaintiff's personal accounts based upon his desire to help an individual in need and were not advanced in connection with plaintiff's representative capacity as Outreach Minister of St. Pius X Catholic Church in Greensboro. Defendant agreed to repay the monies furnished by plaintiff.

Following defendant's failure to pay the debt and his subsequent avoidance of plaintiff, the instant suit was filed alleging breach of contract as well as fraud. The latter count was based upon plaintiff's having advanced defendant money to travel to South Africa following his mother's alleged stabbing death and plaintiff's subsequent receipt of information that the woman was in fact not deceased.

Plaintiff attempted to serve defendant at his last known address in Greensboro, but the summons was returned unserved 19 June 1992. An alias and pluries summons was issued 10 September 1992 for the same address, but did not appear in the court file until 24 June 1993. A third summons was issued 27 October 1992 which also never appeared in the file prior to 24 June 1993. This last summons was addressed to "Benedict K. Hanyane, c/o Frances Hanyane" at an address in South Africa. Frances Hanyane is defendant's mother. The summons was served 12 November 1992 at the address in South Africa which in actuality was the home of defendant's brother.

On 14 January 1993, plaintiff moved for entry of judgment by default. Attached to plaintiff's motion was an affidavit directing the court's attention to a "Certificate of Mailing of Service of Process" previously executed and filed by an Assistant Clerk of Superior Court which included a genuine copy of a Return Receipt indicating service being effected on 12 November 1992. Plaintiff's motion was granted in

open court 3 February 1993, and judgment was filed accordingly 22 February 1993. Defendant gave notice of appeal to this Court 1 March 1993.

## I.

Defendant first contends the trial court erred in entering default judgment against him under circumstances in which service of process was made to the address of a family member and not to the address of defendant. We find his argument unpersuasive.

The trial court in the case *sub judice* determined "service of process was had on the Defendant Benedict K. Hanyane, pursuant to Rule 4(j)(3) of the North Carolina Rules of Civil Procedure." We note parenthetically that the applicable rule is in fact Rule 4(j3). However, any error in designation appears to be clerical, and it is apparent from the context that the court was indeed referring to Rule 4(j3) which states in pertinent part:

> *Service in a foreign country.*—Where service is to be effected upon a party in a foreign country, in the alternative service of the summons and complaint may be made . . . (iv) by any form of mail, requiring a signed receipt, to be addressed and dispatched by the clerk of court to the party to be served. . . .

N.C. Gen. Stat. § 1A-1, Rule 4(j3) (1990). Thus, our focus herein is upon whether the summons and complaint were sent "to the party to be served." We believe the trial court properly resolved this issue against defendant.

First, we note the Clerk's "Certificate of Mailing of Service of Process," which incorporated the return receipt and which was contained in the court file and reviewed by the trial judge, reflected that a copy of the complaint and summons were deposited, return receipt requested, in the U.S. Post Office for mailing and that the return receipt indicated the complaint and summons were in fact received at the stated address by the individual whose signature appeared thereon. Rule 4(j2) states:

> Before judgment by default may be had on service by registered or certified mail, the serving party shall file an affidavit with the court showing proof of such service . . . This affidavit together with the return receipt signed by the person who received the

mail if not the addressee raises a presumption that the person who received the mail and signed the receipt . . . was a person of suitable age and discretion residing in the addressee's dwelling house or usual place of abode.

N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2) (1990). Therefore, the certificate of service itself indicates sufficient compliance with Rule 4 to "raise a rebuttable presumption of valid service." *In re Cox,* 36 N.C. App. 582, 586, 244 S.E.2d 733, 736 (1978). At the hearing below, defendant made no attempt to rebut his presumed receipt of a copy of the complaint and summons on 12 November 1992. No testimony, affidavit or other evidence of record addressed this point. *See Warzynski v. Empire Comfort Systems,* 102 N.C. App. 222, 228, 401 S.E.2d 801, 805 (1991) (noting the presumption, Court observed co-defendant "had offered no evidence to rebut" it).

Further, our holding in *In re Cox* is instructive. Petitioner therein served respondent by registered mail. The return receipt indicated the mail was addressed to "Mr. Daniel James Cox, Sr., c/o Mrs. Valeri Mixon Tellegrini, Box 3904, 403 Allewood Drive, Charlotte, North Carolina" and that it was received by Vallaree M. Pellegrinni. *Cox,* 36 N.C. App. at 583, 244 S.E.2d at 734. Respondent moved to dismiss based upon insufficiency of service. He contended that service "was not completed according to law for that the registry receipt attached to the Affidavit did not bear the signature of Daniel James Cox, Sr., the party upon whom service was sought to be served." *Id.* The trial court denied the motion.

On appeal to this Court we stated:

[I]t is a reasonable inference from the return receipt that the summons and complaint were delivered to a person, Valeri Mixon Tellegrini, at an address where respondent apparently received correspondence, he being a transient person. Because of this relationship, we think it can further be reasonably inferred that Valeri Mixon Tellegrini received the summons and complaint on behalf of respondent. The fiction of agency, employed by the courts in accepting a receipt signed by another as proof of service by registered mail, is one "assumed from the relationship between the addressee and the person signing rather than proved."

*Id.* at 585, 244 S.E.2d at 735 (quoting 49 N.C.L. Rev. 235, 255, n.101 (1971)).

Similarly in the case *sub judice*, the complaint and summons were directed to "Benedict K. Hanyane, c/o Frances Hanyane," defendant's mother. While the signature on the return receipt beneath the designation "Signature of the addressee" is arguably somewhat illegible, it reads "HBKanyane." The receipt thus at a minimum raises a reasonable inference that the summons and complaint were received on behalf of defendant by a person at an address where defendant could be reached. Such inference is supported by the absence of declination or rejection of service upon grounds that the individual to be served was not available at the designated premises. Moreover, the inference is reinforced by indications of defendant's transient status, his apparent attempts to avoid financial obligations in the United States and his return to South Africa.

Even more significantly, plaintiff testified the signature on the return receipt was in fact that of defendant, another indication of valid service, *see, e.g., House v. House*, 22 N.C. App. 686, 687, 207 S.E.2d 339, 340 (1974) (where nonresident defendant signed return receipt, due process requirements of notice and opportunity to be heard fulfilled), and which testimony is corroborated by examination of the signature itself as well as its placement beneath the designation "Signature of the addressee."

Additionally, the transcript of the default proceeding reveals that defendant's attorney acknowledged he "went over the complaint [received by counsel from plaintiff's attorney] piece by piece" prior to accomplishment of service. Given that the purpose behind Rule 4 of the North Carolina Rules of Civil Procedure is notification to the party served of the litigation involved, *Copley Triangle Assoc. v. Apparel America, Inc.*, 96 N.C. App. 263, 266, 385 S.E.2d 201, 203-04 (1989) (citation omitted), defendant may not be heard to complain of lack of knowledge of the pending suit.

Based on the foregoing, therefore, defendant's argument regarding insufficiency of service fails.

II.

Defendant's second assignment of error states the trial court "erred in basing its judgment on rumor and speculation from the [p]laintiff's testimony on matters the [p]laintiff could not possibly have personal knowledge of." However, defendant cites no authority for this assertion in his brief, and we therefore deem defendant's second contention abandoned and decline to address it. N.C.R. App. P. 28(b)(5).

HOCKE v. HANYANE

[118 N.C. App. 630 (1995)]

### III.

Defendant's remaining argument relates to an alleged irregularity regarding the second and third summons. Specifically, defendant maintains these summons were not officially filed until 24 June 1993, approximately four months following the last court action, and that therefore "[i]t is plain that neither the Clerk nor the Judge could have examined the summons to see if it was properly issued prior to taking their official actions which require that the summons be examined." This argument is unpersuasive.

The trial court herein determined "service of process was had on the [d]efendant." We observe that "[t]he rulings, orders and judgments of the trial judge are presumed to be correct, and the burden is on the appealing party to rebut the presumption of verity on appeal." *Stone v. Stone*, 96 N.C. App. 633, 634, 386 S.E.2d 602, 603 (1989), *dismissal allowed and disc. review denied*, 326 N.C. 805, 393 S.E.2d 906 (1990). Therefore, while acknowledging the record is silent as to whether the trial court examined the contested summons at the hearing, we are required, absent a showing to the contrary, to presume the trial court's determination was proper. Despite defendant's contention, it is equally likely the summons were examined by the court prior to its "official action," but for some reason were not placed into the court file until later. Moreover, as noted hereinabove, the trial court had before it the Clerk's Certificate of Mailing of Service of Process and the attached return receipt indicating service at the time it reviewed this matter. In any event, defendant has made no showing to rebut the presumption of validity.

Further, a "summons should not be found invalid simply because of technical mistakes . . . ." *Humphrey v. Sinnott*, 84 N.C. App. 263, 267, 352 S.E.2d 443, 446 (1987). The summons were in all respects consistent with the North Carolina Rules of Civil Procedure and therefore contained no defect which would render process or service of process ineffective. The simple circumstance of the summons apparently being placed in the court file subsequent to entry of judgment by default is likewise insufficient to affect the validity of either the summons or the judgment itself.

Affirmed.

Judges JOHNSON and GREENE concur.