LARRY KING AND WIFE, BETTY KING, PLAINTIFFS V. CHARLES KING AND ALBERT KING, DEFENDANTS

No. COA00-1282

(Filed 2 October 2001)

**1. Easements— ambiguous description—extrinsic evidence**

    The trial court erred by granting defendant's motion to enforce the terms of a consent judgment entered into between plaintiffs and defendant directing plaintiffs to convey to defendant an easement over the pertinent property, because: (1) the description of the easement is ambiguous; and (2) the case must be reversed and remanded to the trial court to ascertain the location of the easement after consideration of extrinsic evidence.

**2. Appeal and Error— preservation of issues—failure to include transcript or other evidence**

    Although plaintiffs contend the trial court erred by entering findings of fact and conclusions of law concerning damages to plaintiffs' property that were allegedly not supported by the evidence, this assignment of error is overruled because plaintiffs failed to include a transcript of evidence from the hearing or any other evidence to enable the Court of Appeals to make a determination.

Appeal by plaintiffs from order filed 6 July 2000 by Judge Laura J. Bridges in Transylvania County District Court. Heard in the Court of Appeals 11 September 2001.

*McGuire, Wood & Bissette, P.A., by Heather Whitaker Goldstein, for plaintiff-appellants.*

*Ramsey, Hill, Smart, Ramsey & Pratt, P.A., by Michael K. Pratt, for defendant-appellees.*

GREENE, Judge.

Larry King and Betty King (collectively, Plaintiffs) appeal an order filed 6 July 2000 granting the motion of Charles King[1] (Defendant) to enforce the terms of a consent judgment entered into between Plaintiffs and Defendant.

The record shows Plaintiffs filed a complaint against Defendant and Albert King (King) on 4 December 1997 alleging trespass and wrongful cutting. On 11 January 2000, after motion by Plaintiffs, summary judgment was entered against King. Defendant and Plaintiffs entered into a consent judgment on 28 January 1998 (the consent judgment). The consent judgment provided, in pertinent part: Defendant would pay for any damages to Plaintiffs' property caused by Defendant; and Plaintiffs would convey to Defendant:

> an Easement Appurtenant over and across a twenty (20) foot Right of Way leading from the public road known as East Fork Road to [Defendant's] property as described in Deed Book 255 Page 484 and Deed Book 412 Page 465 of the Transylvania County Registry [(the easement)]. . . . The twenty (20) foot Right of Way shall include a Right of Way twenty (20) feet in width over the existing logging road and a twenty (20) foot Right of Way over and along a road constructed or to be constructed as described in Deed Book 255 Page 484 and Deed Book 412 Page 465 of the Transylvania County Registry.

Deed Book 255 Page 484 reveals a grant of land from Reba G. King (the Grantor) to Defendant. In addition to the land conveyed, the Grantor conveyed to Defendant:

> a non-assignable easement and right-of-way for road purposes over and across the existing logging road bed which runs from the above described property over and along the remaining property of the Grantor to its point of intersection with the driveway now serving the house which has been constructed by [King] on property of the Grantor and continuing along the

---

1. Albert King was not a party to Defendant's motion.

said [King] driveway through property of the Grantor to the East Fork Road . . . .

Deed Book 412 Page 465 is a deed from the Grantor to Defendant of land fully "depicted on that certain plat found in Plat File No. 6 at Slide No. 396."

After entering into the consent judgment, Plaintiffs failed to convey to Defendant the easement and Defendant subsequently moved the trial court to enter an order to enforce the consent judgment on 24 May 2000. The hearing on Defendant's motion was held on 5 June 2000, at which time neither party tendered any evidence. On 6 July 2000, the trial court entered an order enforcing the consent judgment and directing Plaintiffs to convey to Defendant the easement as described in the consent judgment. The trial court further found as fact "[t]hat Richard Fry presented a damage report to [Defendant] . . . showing damages in the amount of $19,491.00" and "[t]hat [Plaintiffs] paid for a partial survey at a cost of $1,000.00." The trial court ordered Defendant to pay damages to Plaintiffs in the amount set out in a damage report and Plaintiffs "shall be given a credit for $1,000.00 already given to surveyor Robert Hafler."

The issues are whether: (I) the location of the easement can be ascertained from the consent judgment; and (II) the trial court's findings of fact concerning damages to Plaintiffs' property are supported by competent evidence.

I

[1] Plaintiffs argue the trial court erred in enforcing the consent judgment when the description of the easement is ambiguous. We agree.

A consent judgment is a court-approved consensual contract between the parties which creates a final determination of their rights and duties. *Price v. Dobson*, 141 N.C. App. 131, 134, 539 S.E.2d 334, 336 (2000). In order for an agreement to constitute a valid contract, the parties' " 'minds must meet as to all the terms. If any portion of the proposed terms is not settled, or no mode agreed on by which they may be settled, there is no agreement.' " *Boyce v. McMahan*, 285 N.C. 730, 734, 208 S.E.2d 692, 695 (1974) (quoting *Croom v. Goldsboro Lumber Co.*, 182 N.C. 217, 220, 108 S.E. 735, 737 (1921)); *Chappell v. Roth*, 353 N.C. 690, 692, 548 S.E.2d 499, 500 (2001). The description of an easement "must either be certain in itself or capable of being

reduced to a certainty by a recurrence to something extrinsic to which it refers," but "[t]here must be language in the deed sufficient to serve as a pointer or a guide to the ascertainment of the location of the land." *Thompson v. Umberger*, 221 N.C. 178, 180, 19 S.E.2d 484, 485 (1942). If the description of an easement is "in a state of absolute uncertainty, and refer[s] to nothing extrinsic by which it might possibly be identified with certainty," the agreement is patently ambiguous and therefore unenforceable. *Lane v. Coe*, 262 N.C. 8, 13, 136 S.E.2d 269, 273 (1964). If, however, the description is "insufficient in itself to identify the property but refers to something extrinsic by which identification might possibly be made," the agreement is latently ambiguous. *Id.* In the case of a latent ambiguity, the party seeking to enforce an easement "may offer evidence, parol and other, with reference to such extrinsic matter tending to identify the property," and the other party "may offer such evidence with reference thereto tending to show impossibility of identification." *Id.*

In this case, we are unable to determine the parties' agreement as to the location of the proposed easement.[2] The description of the easement, however, does point to extrinsic evidence by which identification of the easement might possibly be made and is therefore latently ambiguous. Accordingly, this case must be reversed and remanded to the trial court to ascertain the location of the easement after consideration of extrinsic evidence. *See Allen v. Duvall*, 311 N.C. 245, 251, 316 S.E.2d 267, 271 (1984) ("[w]hen the terms . . . leave it uncertain what property is intended to be embraced . . . , [extrinsic] evidence is admissible to fit the description to the land [but not] to create description").

## II

**[2]** Plaintiffs also argue the trial court erred in entering findings of facts and conclusions of law concerning damages to Plaintiffs' property that were not supported by the evidence. Because Plaintiffs have failed to include a transcript of evidence from the hearing in this matter or any evidence which would enable this Court to determine whether the trial court's findings of fact are supported by competent evidence, we overrule this assignment of error. *See Pharr v. Worley*, 125 N.C. App. 136, 139, 479 S.E.2d 32, 34 (1997) (it is generally the

---

2. We note the consent judgment and the order enforcing the consent judgment did not purport to serve as an easement, but merely direct Plaintiffs to convey the easement. Nevertheless, before Plaintiffs can be directed to convey the easement consistent with the consent judgment, the exact location of the easement must be ascertained.

"appellant's duty and responsibility to see that the record is in proper form and complete" and this Court will not presume error by the trial court when none appears on the record to this Court). Accordingly, the trial court's findings of fact and conclusions of law concerning damages to Plaintiffs' property are affirmed.

Reversed in part, affirmed in part, and remanded.

Judges CAMPBELL and BRYANT concur.