Judge ZACHARY, dissenting
The majority opinion holds that the motion filed by 1st Atlantic Surety Company ("the surety") to set aside the forfeiture of an appearance bond "was not premised upon any ground set out under [N.C. Gen. Stat. §] 15A-544.5" and that, as a result, "the trial court lacked statutory authority to set aside the forfeiture of the appearance bond." The surety's original motion was explicitly based upon N.C. Gen. Stat. § 15A-544.5(b)(3) (2015), which allows a surety to apply to have a bond forfeiture set aside on the grounds that "[t]he defendant has been surrendered by a surety on the bail bond as provided by G.S. 15A-540, as evidenced by the sheriff's *323 receipt provided for in that section." Therefore, the issue litigated at the hearing before the trial court was not whether the surety's motion to set aside the bond forfeiture was premised upon an authorized basis, but whether the surety properly supported its motion by producing the appropriate documentation.
The record establishes that Robert Cobb was charged with an unspecified criminal offense in Watauga County File No. 15 CRS 50271, and that a secured appearance bond was set at $30,000, for which the surety posted bond for Mr. Cobb. Mr. Cobb failed to appear in court on the scheduled trial date of 12 January 2016, and on 14 January 2016 forfeiture of the bond was ordered and the surety was notified. On 8 June 2016, the surety moved to have the bond forfeiture set aside. Upon the objection of the Watauga County Board of Education ("appellant") to the surety's motion to set aside the forfeiture of the bond, a hearing on the surety's motion was conducted by the Honorable Gary M. Gavenus of the Superior Court of Watauga County. The appellant has appealed from an order of the trial court ruling that the surety had established the existence of one or more statutorily-permissible reasons for setting aside the bond forfeiture. The question before this Court is whether this order was supported by evidence adduced at the hearing conducted by the trial court . However, the record on appeal does not include any information concerning the testimony, evidence, or arguments presented at that hearing. Given the complete absence of any record of the evidence presented to the trial court, any conclusion reached by this Court regarding the merits of the trial court's order will, of necessity, be based upon assumption or speculation. That is, we can either presume that the trial court acted correctly, or *181 presume that the court erred. It is a long-standing rule of our appellate courts that we do not presume error upon a silent record. "In State v. Fennell , 307 N.C. 258, 262, 297 S.E.2d 393, 396 (1982), this Court noted the presumption of regularity in a trial, stating that 'where the record is silent on a particular point, it will be presumed that the trial court acted correctly.' " State v. Thomas , 344 N.C. 639, 646, 477 S.E.2d 450, 453 (1996). Because the majority's holding is based upon the presumption that the trial court erred, I must respectfully dissent.
It is undisputed that "[i]n North Carolina, forfeiture of an appearance bond is controlled by statute." State v. Robertson , 166 N.C. App. 669, 670, 603 S.E.2d 400, 401 (2004). "If a defendant who was released ... upon execution of a bail bond fails on any occasion to appear before the court as required, the court shall enter a forfeiture for the amount of that bail bond in favor of the State against the defendant and against each surety on the bail bond." G.S. § 15A-544.3(a) (2015). "The exclusive *324 avenue for relief from forfeiture of an appearance bond ... is provided in G.S. § 15A-544.5. The reasons for setting aside a forfeiture are those specified in subsection (b)[.]" Robertson , 166 N.C. App. at 670-71, 603 S.E.2d at 401. N.C. Gen. Stat. § 15A-544.5 "clearly states that 'there shall be no relief from a forfeiture' except as provided in the statute, and that a forfeiture 'shall be set aside for any one of the [reasons set forth in Section (b)(1-7) ], and none other.' " State v. Sanchez , 175 N.C. App. 214, 218, 623 S.E.2d 780, 782 (2005).
N.C. Gen. Stat. § 15A-544.5 provides in relevant part that the procedure governing a surety's request to have a bond forfeiture set aside is as follows:
(1) ... [A]ny of the following parties on a bail bond may make a written motion that the forfeiture be set aside: ... Any surety.... The written motion shall state the reason for the motion and attach to the motion the evidence specified in subsection (b) of this section.
(2) The motion shall be filed in the office of the clerk of superior court[.] ... The moving party shall, under G.S. 1A-1, Rule 5, serve a copy of the motion on the district attorney for that county and on the attorney for the county board of education.
(3) Either the district attorney or the county board of education may object to the motion by filing a written objection in the office of the clerk and serving a copy on the moving party.
(4) If neither the district attorney nor the attorney for the board of education has filed a written objection to the motion by the twentieth day after a copy of the motion is served by the moving party ... the clerk shall enter an order setting aside the forfeiture, regardless of the basis for relief asserted in the motion, the evidence attached, or the absence of either.
(5) If either the district attorney or the county board of education files a written objection to the motion, then ... a hearing on the motion and objection shall be held in the county, in the trial division in which the defendant was bonded to appear.
(6) If at the hearing the court allows the motion, the court shall enter an order setting aside the forfeiture.
*325 (7) If at the hearing the court does not enter an order setting aside the forfeiture, the forfeiture shall become a final judgment of forfeiture[.]
(8) If at the hearing the court determines that the motion to set aside was not signed or that the documentation required to be attached pursuant to subdivision (1) of this subsection is fraudulent or was not attached to the motion at the time the motion was filed, the court may order monetary sanctions against the surety filing the motion, unless the court also finds that the failure to sign the motion or attach the required documentation was unintentional....
"The standard of review on appeal where a trial court sits without a jury is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts." State v. Lazaro , 190 N.C. App. 670, 660 S.E.2d 618 (2008) (citation omitted). N.C. Gen. Stat. § 15A-544.5(h) states that an "order on a motion to set aside a forfeiture is a final order or judgment of the trial court *182 for purposes of appeal. Appeal is the same as provided for appeals in civil actions." Accordingly, this Court has reviewed appeals from a trial court's ruling on a motion to set aside a bond forfeiture in the same manner as other orders or judgments entered in a bench trial.
For example, in Lazaro , the surety moved to have the bond forfeiture set aside on the grounds that the defendant had failed to appear in court because he was incarcerated in a state or federal prison, which is listed in N.C. Gen. Stat. § 15A-544.5(b)(6) as a permissible basis to have a bond forfeiture set aside. On appeal, the Board of Education argued that the "surety's evidence does not support a finding that the defendant was incarcerated ... within the borders of North Carolina at the time of his failure to appear on 7 November 2006." Lazaro , 190 N.C. App. at 671, 660 S.E.2d at 619. We reviewed the evidence that the surety had proffered, which consisted of "computer printouts of inmate records from the Mecklenburg County Sheriff's Office[.]" Lazaro at 673, 660 S.E.2d at 620. Based upon the evidence offered at the hearing, we concluded that "the trial court's findings were not supported by competent evidence" given that "[t]he surety presented no additional evidence other than the printouts." Id .
Similarly, in State v. Belton , 169 N.C. App. 350, 610 S.E.2d 283 (2005), the surety moved to set aside a final judgment of forfeiture, on the grounds that the surety had never been given notice of the forfeiture. At the hearing, the surety produced an affidavit from its employee which *326 "tended to show that [the] surety did not receive the notice of forfeiture[.]" Belton, 169 N.C. App. at 357, 610 S.E.2d at 288. Other testimony was offered by an Assistant Clerk of Court, who testified in detail concerning the practices of the Clerk's office with regard to mailing notices of forfeiture. We held that the trial court, "after considering [the surety's affidavit] along with the other evidence in the record, could properly conclude that the clerk had given notice[.]" Id . Thus, in our review of appeals from a trial court's ruling on a motion to set aside a bond forfeiture, as in all other appeals from a bench trial, we review whether the evidence supported the trial court's findings and whether these findings supported its conclusions of law.
In this case, the surety filed a motion to set aside the bond forfeiture on 8 June 2016 using an Administrative Office of the Courts (AOC) Form AOC-CR-213, on which the surety indicated that it sought to have the bond forfeiture set aside on the grounds that "[t]he defendant has been surrendered by a surety on the bail bond as provided by G.S. 15A-540, as evidenced by the attached Surrender of Defendant by Surety (AOC-CR-214)." The surety attached to the motion a computer printout from the Watauga County Sheriff's Office, referred to as an ACIS form. The majority holds that the surety's use of an ACIS form did not satisfy the requirement of N.C. Gen. Stat. § 15A-544.5(b)(3) that the surety produce a "sheriff's receipt." Examination of the attachment submitted by the surety reveals that it references two Watauga County criminal cases, identified as Files Nos. 15 CR 508 and 14 CRS 50747. The form does not, however, contain information about the disposition of the offense charged in File No. 15 CRS 50271, which is the subject of the present appeal. As a result, regardless of whether an ACIS form might, as a general proposition, satisfy the requirement that a surety attach a "sheriff's receipt" to a motion to have a bond forfeiture set aside, it appears that the specific ACIS form submitted in this case would not establish that Mr. Cobb had been surrendered to the sheriff with respect to File No. 15 CRS 50271.
However, the holding that the trial court erred by setting aside the bond forfeiture is based exclusively upon the documentation that the surety attached to the motion that was submitted to the clerk of court. On the facts of this case, we should not reach the issue of whether an ACIS form might meet the definition of a sheriff's receipt.
On 14 June 2016, the appellant filed its objection to the surety's motion, and a hearing was scheduled for 5 July 2016. The matter was heard by Judge Gavenus in Watauga County Superior Court on 5 July 2016. On 6 July 2016, Judge Gavenus entered an order allowing the *327 surety's motion and setting *183 aside the bond forfeiture, based upon a finding and conclusion that:
Upon due notice, a hearing was held on the above Objection to the Motion To Set Aside Forfeiture. The Court finds on the "Date of Bond" shown on the reverse the moving party named above executed a bond for the defendant's appearance in the case(s) identified[.] ... On the "Failure to Appear" date shown on the reverse, the defendant failed to appear to answer the charges in the case(s), and forfeiture of the bond was entered on that date. Notice of forfeiture was mailed to the moving party[.] ... The Court finds ... that the moving party has established one or more of the reasons specified in [N.C. Gen. Stat. §] 15A-544.5 for setting aside that forfeiture .... The above Motion is allowed and the forfeiture is set aside. (emphasis added).
As discussed above, the only relevant issue before this Court is whether the trial court's order was properly entered in light of the evidence adduced at the hearing. The propriety of the trial court's order cannot be determined merely by review of the documentation that the surety attached to its motion, because the trial court's order was entered following a hearing at which the parties would have been allowed to present additional testimony or evidence.
This Court has often held that " '[i]t is the appellant's duty and responsibility to see that the record is in proper form and complete.' " State v. Williamson , 220 N.C. App. 512, 516, 727 S.E.2d 358, 361 (2012) (quoting State v. Alston , 307 N.C. 321, 341, 298 S.E.2d 631, 644 (1983) ). There are several ways in which the appellant might have created a record of the hearing before the trial court. The clearest record is often established by a transcript of the proceedings. In the event that a transcript is unavailable, N.C. R. App. P. 9(c)(1) (2015) permits a party to prepare a narration of the proceedings. In the course of settling the record on appeal, pursuant to N.C. R. App. P. 11 (2015), the appellant might have submitted an affidavit from the appellant's trial counsel regarding the evidence that the surety submitted at the hearing, or if the parties agreed on the evidentiary history of this matter, they might have stipulated to the identity of the documents or testimony offered at the hearing. Alternatively, the appellant might have filed a motion pursuant to N.C. Gen. Stat. § 1A-1, Rule 52(b) (2015), asking the court to "amend its findings or make additional findings[.]"
*328 Unfortunately, in this case the appellate record does not contain any indication of the evidence or testimony offered at the hearing in addition to, or instead of, the ACIS statement attached to the surety's motion. The record fails to include a transcript of the hearing conducted by the trial court, a reconstruction by the parties of the events that transpired at the hearing, an affidavit attesting to the testimony and documentary evidence proffered before the trial court, or any other evidence from which we might determine what evidence was presented by the parties at the hearing.
"[I]t is generally the appellant's duty and responsibility to see that the record is in proper form and complete and this Court will not presume error by the trial court when none appears on the record to this Court." King v. King , 146 N.C. App. 442, 445-46, 552 S.E.2d 262, 264 (2001) (internal quotation omitted). Instead, "[w]here the record is silent on a particular point, we presume that the trial court acted correctly." Granville Med. Ctr. v. Tipton , 160 N.C. App. 484, 488-89, 586 S.E.2d 791, 795 (2003) (citing State v. Reaves , 132 N.C. App. 615, 620, 513 S.E.2d 562, 565 (1999) ). See also Phelps v. McCotter , 252 N.C. 66, 67, 112 S.E.2d 736, 737 (1960) (noting the "well established principle that there is a presumption in favor of the regularity and validity of the proceedings in the lower court").
The majority opinion states that the "record as submitted by appellant Board shows error on its face." In fact, the record provides nothing regarding the only pertinent question, which is the evidence provided by the surety at the hearing before the trial court . " 'The longstanding rule is that there is a presumption in favor of regularity and correctness in proceedings in the trial court, with the burden on the appellant to show error.' Unless the record reveals otherwise, we presume 'that judicial acts and duties *184 have been duly and regularly performed.' " In re A.R.H.B ., 186 N.C. App. 211, 219, 651 S.E.2d 247, 253 (2007) (quoting L. Harvey & Son Co. v. Jarman , 76 N.C. App. 191, 195-96, 333 S.E.2d 47, 50 (1985), and Lovett v. Stone , 239 N.C. 206, 212, 79 S.E.2d 479, 483 (1954) ). The majority holds that the documentation provided by the surety to the clerk requires a "conclusion, not a presumption" that the trial court erred. This conclusion ignores the crucial fact that we are not reviewing a determination by the clerk of court, but by the trial court following a hearing at which the parties had an opportunity to offer testimony and documentary evidence. It is impossible for us to reach a conclusion on the validity of the trial court's order without a record of what transpired at the hearing. *329 In the absence of any record of the proceedings before the trial court, this Court should follow the well-established rule and should not presume that the trial court erred. I believe that because there is no evidence upon which to assess the validity of the trial court's ruling, we should not presume that the trial court erred but should instead affirm the trial court's order. For this reason, I must respectfully dissent.