Judge TYSON, dissenting.
*793 The majority's opinion correctly states the controlling statute to set aside a forfeiture, but erroneously concludes the substantial evidence presented by the Bail Agent to support his motion to set aside the forfeiture of an appearance bond, and the trial court's findings of fact thereon, "[were] immaterial because the language found in N.C.G.S. § 15A-544.5(f) is unequivocal." As a result, the majority's opinion concludes 'the trial court lacked authority to set aside the forfeiture 'for any reason.' " The Board of Education failed to present any evidence to support its opposition to the Bail Agent's motion. I disagree with the majority opinion and respectfully dissent.
The record establishes Defendant was charged with driving while impaired in Wilson County File No. 14 CRS 54745, and that a secured appearance bond was set at $16,000, for which Bail Agent posted bond. Defendant failed to appear in court on the scheduled trial date of 15 April 2016. The trial court ordered forfeiture of the bond, and Bail Agent and Surety received notice of the forfeiture.
On 15 August 2016, Bail Agent timely moved to have the bond forfeiture set aside on the basis that "[D]efendant ha[d] been surrendered by a surety on the bail bond as provided by [N.C. Gen. Stat. §] 15A-540 [.]" The Bail Agent's motion and evidence of his surrender of Defendant to Deputy McLaughlin established a prima facie showing under the statute that Defendant had been surrendered and the Surety and Bail Agent were entitled to relief from forfeiture. N.C. Gen. Stat. § 15A-540 (2015).
The Board of Education objected to Bail Agent's motion to set aside the forfeiture of the bond. The Board of Education has appealed from the trial court's order of relief from forfeiture, which was based on the trial court's finding of fact that Bail Agent had established the existence of one or more statutorily-permissible reasons for setting aside the bond forfeiture. The proper issue before this Court, and not addressed by the majority's opinion, is whether the findings of fact and conclusions of law in the trial court's order were supported by evidence adduced at the hearing conducted by the trial court.
I. Standard of Review
"The standard of review on appeal where a trial court sits without a jury is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts."
*794 State v. Lazaro , 190 N.C. App. 670, 671, 660 S.E.2d 618, 619 (2008) (citation omitted). N.C. Gen. Stat. § 15A-544.5(h) states that an "order on a motion to set aside a forfeiture is a final order or judgment of the trial court for purposes of appeal. Appeal is the same as provided for appeals in civil actions."
The Board of Education is the appellant and "it is generally the appellant's duty and responsibility to see that the record is in *352 proper form and complete and this Court will not presume error by the trial court when none appears on the record to this Court." King v. King , 146 N.C. App. 442, 445-46, 552 S.E.2d 262, 265 (2001) (internal quotation omitted) (emphasis supplied).
It is undisputed that "[i]n North Carolina, forfeiture of an appearance bond is controlled by statute." State v. Robertson , 166 N.C. App. 669, 670, 603 S.E.2d 400, 401 (2004). "If a defendant who was released ... upon execution of a bail bond fails on any occasion to appear before the court as required, the court shall enter a forfeiture for the amount of that bail bond in favor of the State against the defendant and against each surety on the bail bond." N.C. Gen. Stat. § 15A-544.3(a) (2015). "The exclusive avenue for relief from forfeiture of an appearance bond ... is provided in G.S. § 15A-544.5. The reasons for setting aside a forfeiture are those specified in subsection (b)[.]" Robertson , 166 N.C. App. at 670-71, 603 S.E.2d at 401. N.C. Gen. Stat. § 15A-544.5 "clearly states that 'there shall be no relief from a forfeiture' except as provided in the statute, and that a forfeiture 'shall be set aside for any one of the [reasons set forth in Section (b)(1-6) ], and none other.' " State v. Sanchez , 175 N.C. App. 214, 218, 623 S.E.2d 780, 782 (2005).
II. N.C. Gen. Stat. § 15A-544
N.C. Gen. Stat. § 15A-544.5 provides in relevant part that the procedure governing a surety's request to have a bond forfeiture set aside is as follows:
(1) ... [A]ny of the following parties on a bail bond may make a written motion that the forfeiture be set aside: ... Any surety. ... a bail agent acting on behalf of an insurance company. The written motion shall state the reason for the motion and attach to the motion the evidence specified in subsection (b) of this section.
(2) The motion shall be filed in the office of the clerk of superior court[.] ... The moving party shall, under G.S. 1A-1, Rule 5, serve a copy of the motion on the district attorney for that county and on the attorney for the county board of education.
*795 (3) Either the district attorney or the county board of education may object to the motion by filing a written objection in the office of the clerk and serving a copy on the moving party.
(4) If neither the district attorney nor the attorney for the board of education has filed a written objection to the motion by the twentieth day after a copy of the motion is served by the moving party ... the clerk shall enter an order setting aside the forfeiture, regardless of the basis for relief asserted in the motion, the evidence attached, or the absence of either.
(5) If either the district attorney or the county board of education files a written objection to the motion, then ... a hearing on the motion and objection shall be held in the county, in the trial division in which the defendant was bonded to appear.
(6) If at the hearing the court allows the motion, the court shall enter an order setting aside the forfeiture.
(7) If at the hearing the court does not enter an order setting aside the forfeiture, the forfeiture shall become a final judgment of forfeiture[.]
(8) If at the hearing the court determines that the motion to set aside was not signed or that the documentation required to be attached pursuant to subdivision (1) of this subsection is fraudulent or was not attached to the motion at the time the motion was filed, the court may order monetary sanctions against the surety filing the motion, unless the court also finds that the failure to sign the motion or attach the required documentation was unintentional. ...
N.C. Gen. Stat. § 15A-544.5 prohibits a court from setting aside a bond forfeiture "for any reason in any case in which the surety or the bail agent had actual notice before executing a bail bond that the defendant had already failed to appear on two or more prior occasions in the case for which the bond was executed." N.C. Gen. Stat. § 15A-544.5(f) (emphasis supplied). N.C. Gen. Stat. § 15A-544.5(f) further provides:
Actual notice as required by this subsection shall only occur if two or more failures to appear are indicated on the defendant's release order by a judicial official. The judicial official shall indicate on the release *353 order when it *796 is the defendant's second or subsequent failure to appear in the case for which the bond was executed.
The Board of Education, as appellant, failed to include any audio recordings or transcripts of testimony presented at the hearing in the record on appeal. The Board of Education tendered a post hoc narrative summarizing the events of the bond forfeiture hearing. Addressing whether the trial court was statutorily prohibited by N.C. Gen. Stat. § 15A-544.5(f) from granting the motion to set aside the forfeiture, the narrative asserts:
[Board's attorney] further stated that the bond at issue was a Bond C and that Surety had actual notice that the criminal defendant had failed to appear on two or more previous occasions in the case. [Board's attorney] stated that, based on these facts, notwithstanding any grounds to set aside under § 15A-544.5(b)(3), the court was statutorily prohibited from granting the motion to set aside for any reason pursuant to N.C. Gen. Stat. § 15A-544.5(f).
Statements of counsel to the court are not competent evidence to support or reverse the trial court's order. See State v. Crouch, 74 N.C. App. 565, 567, 328 S.E.2d 833, 835 (1985) (holding "counsel's statements were not competent evidence[.]"). The majority opinion characterizes N.C. Gen. Stat. § 15A-544.5(f) as being "unambiguous" regarding when a surety or bail agent has actual notice of the release order. I disagree.
When the language of a statute is clear and without ambiguity, it is the duty of this Court to give effect to the plain meaning of the statute, and judicial construction of legislative intent is not required. See Burgess v. Your House of Raleigh, Inc. , 326 N.C. 205, 209, 388 S.E.2d 134, 136 (1990). However, when the language of a statute is ambiguous, this Court will determine the purpose of the statute and the intent of the legislature in its enactment. See Coastal Ready-Mix Concrete Co. v. Bd. of Comm'rs of Town of Nags Head , 299 N.C. 620, 629, 265 S.E.2d 379, 385 (1980) ("The best indicia of that intent are the language of the statute or ordinance, the spirit of the act and what the act seeks to accomplish.").
Diaz v. Div. of Soc. Servs. & Div. of Med. Assistance, N.C. Dep't of Health & Human Servs. , 360 N.C. 384, 387, 628 S.E.2d 1, 3 (2006).
"[T]he language of a statute will be interpreted so as to avoid an absurd consequence. A statute is never to be construed so as to require *797 an impossibility if that result can be avoided by another fair and reasonable construction of its terms." Hobbs v. County of Moore , 267 N.C. 665, 671, 149 S.E.2d 1, 5 (1966) (citations and quotation marks omitted).
The majority opinion interprets the statutory language of "[a]ctual notice ... shall only occur if two or more failures to appear are indicated on the defendant's release order by a judicial official" in the statute to conclude a bail agent has received "actual notice" a defendant has failed to appear on two or more prior occasions, if the box checked on the release order so indicates, regardless of whether the bail agent actually saw the release order. Interpreting "actual notice," as the majority opinion does, would change "actual notice" to mean "constructive" or "record" notice. N.C. Gen. Stat. § 15A-544.5(f). "Actual" is defined as "existing in fact or reality[.]" The American Heritage College Dictionary 77 (2d ed. 1982). The phrase "actual notice" has been defined as "the actual awareness or direct notification of a specific fact or proceeding to a person." USLegal, Definitions , "Actual Notice Law and Legal Definition," http://definitions.uslegal.com/a/actual-notice/ (last visited Sept. 11, 2017).
"[T]o charge one with notice, the activating information known to the party sought to be charged must ordinarily be such as may reasonably be said to excite inquiry respecting the particular fact or facts necessary to be disclosed in order to fix the party charged with notice." Perkins v. Langdon , 237 N.C. 159, 168, 74 S.E.2d 634, 642 (1953) (citations omitted). "[I]mplicit in the principles that underlie the doctrine of constructive notice is the concept that before one is affected with notice of whatever reasonable inquiry would disclose, the circumstances must be such as *354 to impose on the person sought to be charged a duty to make inquiry." Id. at 168, 74 S.E.2d at 642 (citations omitted).
The General Assembly's specific choice of "actual notice," and not "constructive" or "record" notice, in N.C. Gen. Stat. § 15A-544.5(f) is evident from the legislative history. Before 1 January 2010, N.C. Gen. Stat. § 15A-544.5(f) read as follows:
(f) No More Than Two Forfeitures May Be Set Aside Per Case.-In any case in which the State proves that the surety or the bail agent had notice or actual knowledge , before executing a bail bond, that the defendant had already failed to appear on two or more prior occasions, no forfeiture of that bond may be set aside for any reason.
N.C. Gen. Stat. § 15A-544.5(f) (2009) (emphasis added), amended by 2009 N.C. Sess. Laws 2009-437.
*798 This Court had interpreted "notice" in the prior statute to encompass "constructive," as well as "actual," notice to comply with the former version of N.C. Gen. Stat. § 15A-544.5(f). See State v. Poteat, 163 N.C. App. 741, 746, 594 S.E.2d 253, 256 (2004) ("We conclude that construing the term 'notice' in N.C. Gen. Stat. § 15A-544.5(f) to include constructive, as well as actual, notice is in harmony with this statute's purpose.")
To construe "actual notice" in the current version of N.C. Gen. Stat. § 15A-544.5(f) to encompass "constructive" or "record" notice would create an "absurd consequence" in light of the plain language of the statute and the legislative history showing the statute was amended to specifically require the bail agent to have received "actual notice" versus the more general "notice or actual knowledge." See 2009 N.C. Sess. Laws 2009-437 (amending "notice" in § 15A-544.5(f) to "actual notice"); Hobbs , 267 N.C. at 671, 149 S.E.2d at 5 ("[T]he language of a statute will be interpreted so as to avoid an absurd consequence.").
The majority opinion cites two cases to support its interpretation of N.C. Gen. Stat. § 15A-544.5(f), State v. Adams and State v. Daniel , an unpublished case. Neither case controls the issues before us.
This Court held in State v. Adams , 220 N.C. App. 406, 410-11, 725 S.E.2d 94, 97 (2012), competent evidence was presented and supported the trial court's finding that the surety had received "actual notice," as defined by N.C. Gen. Stat. § 15A-544.5(f), because the defendant's prior failures to appear were noted on his release order. However, the majority opinion's use of Adams to read "actual notice" as encompassing "constructive" or "implied" notice in N.C. Gen. Stat. § 15A-544.5(f) to vacate the trial court's order before us is inapposite.
In Adams , no issue was asserted whether the surety had seen, read, or had "actual notice" of the release order. See Adams at 410, 725 S.E.2d at 96. The surety acknowledged that its bail agent had conducted an independent investigation to determine the veracity of the notation on the release order that "defendant had already failed to appear on two or more occasions" before the surety executed the defendant's surety bond. Id. at 409, 725 S.E.2d at 96. Adams does not support the conclusion to vacate here.
This Court in State v. Daniel, --- N.C. App. ----, 784 S.E.2d 237, 2016 WL 968457 (2016) (unpublished) held the district court was deprived of authority to set aside a bond forfeiture, where the defendant's release order indicated the defendant had failed to appear on two or more occasions. Daniel , 2016 WL 968457 at *2. However, in Daniel , this Court implied it would have considered evidence that the surety's bail agent *799 did not see the defendant's release order before the bail agent posted bond as pertinent to the issue of whether the surety had "actual notice". Id. This Court in Daniel noted that competent evidence indicating the bail agent had not seen the release order was not included in the record and declined to address whether the surety had received actual notice on that basis. Id. *3. Daniel is also an unpublished case and does not constitute binding precedent upon this Court. N.C. R. App. P. 30(e)(3).
The Board of Education has not met its statutory burden to produce evidence to show Surety or Bail Agent had received "actual notice" of the release order so that they were apprised that one of the boxes on it was *355 checked to indicate, this was "defendant's second or subsequent failure to appear in this case." See N.C. Gen. Stat. § 15A-544.5(f) ("Actual notice as required by this subsection shall only occur if two or more failures to appear are indicated on the defendant's release order by a judicial official").
Given the total absence of anything in the record, other than counsel's statements, of the evidence presented to the trial court showing whether the Surety or Bail Agent had received "actual notice" of the release order, any conclusion reached by this Court regarding the merits of the trial court's order will, of necessity, be based upon implication, assumption, or speculation. The majority opinion's holding is based upon the presumption that the trial court erred by not finding Bail Agent had actual notice in the absence of any evidence of proof. This is an intolerable burden for an appellee to meet and is wholly inconsistent with our standard of review.
The long-standing rule of our appellate courts demands we not presume error upon a silent record. "[W]here the record is silent on a particular point, it will be presumed that the trial court acted correctly." State v. Thomas , 344 N.C. 639, 646, 477 S.E.2d 450, 453 (1996) (citations omitted).
On 17 August 2016, the Board of Education filed its objection to the Bail Agent's motion, and a hearing was scheduled for 12 September 2016. Following the hearing, Judge Covolo entered an order allowing Surety's motion and setting aside the bond forfeiture, based upon a finding of fact and conclusion of law that:
Upon due notice, a hearing was held on the above Objection to the Motion To Set Aside Forfeiture. The Court finds that on the "Date of Bond" shown on the reverse the moving party named above executed a bond for the defendant's appearance in the case(s) identified[.] ... On the "Failure to Appear" date shown on the reverse, the defendant *800 failed to appear to answer the charges in the case(s), and forfeiture of the bond was entered on that date. Notice of forfeiture was mailed to the moving party
....
The Court finds ... that the moving party has established one or more of the reasons specified in [N.C. Gen. Stat. §] 15A-544.5 for setting aside that forfeiture
....
The above Motion is allowed and the forfeiture is set aside.
"[I]t is generally the appellant's duty and responsibility to see that the record is in proper form and complete and this Court will not presume error by the trial court when none appears on the record to this Court." King , 146 N.C. App. at 445-46, 552 S.E.2d at 265 (internal quotation omitted). Instead, "[w]here the record is silent on a particular point, we presume that the trial court acted correctly." Granville Med. Ctr. v. Tipton , 160 N.C. App. 484, 488-89, 586 S.E.2d 791, 795 (2003) ; see also Phelps v. McCotter , 252 N.C. 66, 67, 112 S.E.2d 736, 737 (1960) (noting "the well established [sic] principle that there is a presumption in favor of the regularity and validity of the proceedings in the lower court"). "The rulings, orders and judgments of the trial judge are presumed to be correct, and the burden is on the appealing party to rebut the presumption of verity on appeal." Hocke v. Hanyane , 118 N.C. App. 630, 635, 456 S.E.2d 858, 861 (1995) (citation, alteration, and quotation marks omitted).
The only relevant issue on appeal before this Court is whether the trial court's findings of fact and conclusions of law in the order were properly entered in light of the competent evidence adduced at the hearing. The Board of Education produced no evidence, to contradict the Bail Agent's competent and substantive evidence at the hearing, only statements of counsel.
The Board's post hoc narrative summarizing the events of the hearing contains nothing to show the Board of Education presented any evidence of the Bail Agent or Surety having received "actual notice" or seeing the release order before executing the bail bond. In the course of settling the record on appeal, pursuant to N.C. R. App. P. 11, the Board of Education could have submitted an affidavit from the appellant's trial counsel regarding the evidence the Board and Surety submitted at the hearing, or if the parties agreed on the evidentiary history of this *356 matter, they might have stipulated to the identity of the documents or testimony offered at the hearing. Alternatively, the appellant could have filed *801 a motion pursuant to N.C. Gen. Stat. § 1A-1, Rule 52(b) (2015), asking the court to "amend its findings or make additional findings[.]"
Nothing in the record indicates whether Surety or Bail Agent had received "actual notice" of the notation on the release order indicating Defendant's prior failures to appear. " 'The longstanding rule is that there is a presumption in favor of regularity and correctness in proceedings in the trial court, with the burden on the appellant to show error.' Unless the record reveals otherwise, we presume 'that judicial acts and duties have been duly and regularly performed.' " In re A.R.H.B ., 186 N.C. App. 211, 219, 651 S.E.2d 247, 253 (2007) (quoting L. Harvey & Son Co. v. Jarman , 76 N.C. App. 191, 195-96, 333 S.E.2d 47, 50 (1985), and Lovett v. Stone , 239 N.C. 206, 212, 79 S.E.2d 479, 483 (1954) ). It was the Board's duty as the appellant,
and not the duty of this Court, to challenge findings and conclusions, and make corresponding arguments on appeal. It is not the job of this Court to "create an appeal for" [Appellant]. .... "It is not the duty of this Court to supplement an appellant's brief with legal authority or arguments not contained therein. Th[ese] [arguments are] deemed abandoned by virtue of N.C. R. App. P. 28(b)(6)."
Sanchez v. Cobblestone Homeowners Ass'n ., --- N.C. App. ----, ----, 791 S.E.2d 238, 245-46 (2016) (citations omitted).
We should not reach a contrary conclusion on the validity of the trial court's order, and vacate that order, without a record of what evidence the parties presented at the hearing regarding the Bail Agent or Surety's "actual notice."
III. Conclusion
In the absence of any record of the proceedings before the trial court showing what evidence was, or was not, presented, the Board has failed to meet its burden to show error in the trial court's order. This Court has, until now, consistently followed the well-established rule and has not presumed that the trial court has erred and vacated its order in the absence of a showing of any error by the appellant. Granville , 160 N.C. App. at 488-89, 586 S.E.2d at 795.
The Board of Education has failed to meet its burden on appeal to show error, or to rebut the Bail Agent's prima facie showing of entitlement to relief under the statute based upon competent evidence. The record contains no evidence upon which we can undermine the validity *802 of the trial court's ruling. The majority's opinion avoids any analysis of the Board's burden on appeal.
Our consistent precedents require us to presume the trial court's findings of fact and conclusions of law are properly supported and correct, and to affirm the trial court's order. See id. ; see also In re A.R.H.B. , 186 N.C. App. at 219, 651 S.E.2d at 253 ; King , 146 N.C. App. at 445-46, 552 S.E.2d at 265 ; Hocke, 118 N.C. App. at 635, 456 S.E.2d at 861. For these reasons, I vote to affirm the trial court's order and respectfully dissent.