*347 McGEE, Chief Judge.
*786 The Wilson County Board of Education ("the Board of Education")[1] appeals from an order allowing a motion to set aside a bond forfeiture filed by Terrence C. Rushing ("Bail Agent") on behalf of Agent Associates Insurance, L.L.C. ("Surety"). Because the record on appeal indicates that, at the time Surety posted the bond, it had actual notice that defendant Ricky Lee Hinnant ("Defendant") had failed to appear in the same matter on at least two prior occasions, the trial court was prohibited by statute from setting aside the bond forfeiture. Accordingly, we reverse.
I. Background
Defendant failed to appear in Wilson County Criminal District Court on 23 October 2015 on charges of driving while impaired. As a result of Defendant's failure to appear, an order was issued for his arrest on 26 October 2015. On the order for arrest, a box was checked indicating "[t]his [was] [ ] [D]efendant's second or subsequent failure to appear on these charges." Defendant was served with the order for arrest on 6 January 2016 and released the same day on a secured bond posted by Bail Agent in the amount of $16,000.00. Defendant's 6 January 2016 release order also explicitly indicated "[t]his was [ ] [D]efendant's second or subsequent failure to appear in this case."
When Defendant again failed to appear in the same case on 15 April 2016, the trial court ordered the bond forfeited, with a final judgment date of 15 September 2016. Notice of the forfeiture was given to Bail Agent and Surety on 18 April 2016.[2]
Bail Agent filed a motion to set aside the forfeiture ("the motion to set aside") on 15 August 2016, on the basis that "[D]efendant ha[d] been surrendered by a surety on the bail bond as provided by [N.C. Gen. Stat. §] 15A-540 [.]" At a 12 September 2016 hearing on the motion to set aside, Bail Agent presented a letter from Deputy J.D. McLaughlin ("Deputy McLaughlin") of the Wilson County Sheriff's Office, in which Deputy McLaughlin stated:
*787 On [26 April 2016] Terrance [sic] Rushing[,] a Bondsmen [sic] for Wilson County brought [Defendant] to [the] magistrate's office on case 14cr054745 to surrender. As I took [Defendant] to the jail I saw [Bail Agent] taking the surrender form to the Wilson County Jail Control Room to drop off.
The trial court found "that the moving party ha[d] established one or more of the reasons specified in [N.C. Gen. Stat. §] 15A-544.5 for setting aside that forfeiture" and allowed the motion to set aside. The Board of Education appeals.
II. Motion to Set Aside Bond Forfeiture
The Board of Education contends the trial court was statutorily barred from setting aside the bond forfeiture in the present case and that no competent evidence supported the trial court's decision to set aside the bond forfeiture. We agree.
A. Standard of Review
In an appeal from an order setting aside a bond forfeiture, "the standard of review for this Court is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts." State v. Dunn , 200 N.C. App. 606, 608, 685 S.E.2d 526, 528 (2009) (citation omitted); see also N.C. Gen. Stat. § 15A-544.5(h) (2017) (providing in part that "[a]n order on a motion to set aside a forfeiture is a final order or judgment of the trial court for purposes of appeal. Appeal is the same as provided for appeals in civil actions."). Questions *348 of law, including matters of statutory construction, are reviewed de novo . See In re Hall , 238 N.C. App. 322, 324, 768 S.E.2d 39, 41 (2014) (citation omitted) ("Resolution of issues involving statutory construction is ultimately a question of law for the courts. Where an appeal presents a question of statutory interpretation, full review is appropriate, and we review a trial court's conclusions of law de novo [.]").
B. Analysis
"The exclusive avenue for relief from forfeiture of an appearance bond (where the forfeiture has not yet become a final judgment) is provided in [N.C. Gen. Stat.] § 15A-544.5." State v. Williams , 218 N.C. App. 450, 451, 725 S.E.2d 7, 9 (2012) (citation and quotation marks omitted); see also N.C. Gen. Stat. § 15A-544.5(a) (2017) (stating in part that "[t]here shall be no relief from a forfeiture except as provided in this section."). In addition to enumerating the circumstances in which a *788 bond forfeiture must be set aside, including where "[t]he defendant has been surrendered by a surety on the bail bond as provided by [N.C.G.S. §] 15A-540," see N.C. Gen. Stat. § 15A-544.5(b)(3) (2017), the statute explicitly prohibits a court from setting aside a bond forfeiture "for any reason in any case in which the surety or the bail agent had actual notice before executing a bail bond that the defendant had already failed to appear on two or more prior occasions in the case for which the bond was executed." N.C. Gen. Stat. § 15A-544.5(f) (2017) (emphasis added). N.C.G.S. § 15A-544.5(f) further provides:
Actual notice as required by this subsection shall only occur if two or more failures to appear are indicated on the defendant's release order by a judicial official. The judicial official shall indicate on the release order when it is the defendant's second or subsequent failure to appear in the case for which the bond was executed.
Id. (emphasis added).
In State v. Adams , 220 N.C. App. 406, 725 S.E.2d 94 (2012), a surety challenged the trial court's finding that, pursuant to N.C.G.S. § 15A-544.5(f), the surety had actual notice that the defendant had failed to appear on two or more prior occasions before executing a bail bond. In that case, the surety "[did] not dispute that [the] defendant's release order contain[ed] an explicit finding that [the] 'defendant was arrested or surrendered after failing to appear in a prior release order ... two or more times in this case.' " Id. at 410, 725 S.E.2d at 96. The surety instead contended that it had conducted its own independent investigation and "determined that [the] defendant had only forfeited a bond once previously[.]" Id. The surety argued that because the court system's computerized database did not contain information about one of the defendant's prior failures to appear, "its agent should have been free to disregard the finding on the [defendant's] release order." Id.
This Court held that the "surety's reasoning [was] inconsistent with the plain language of N.C. Gen. Stat. § 15A-544.5(f) [,]" because under the statute, "it is only a defendant's failure to appear in court that is relevant to the judicial official who is entering a release order[,]" not the number of bond forfeitures or orders for arrest. Id. We concluded that, "[s]ince [the] defendant's release order included a finding ... which reflected that he had previously failed to appear on two or more occasions, the trial court properly found that [the] surety had actual notice as defined by N.C. Gen. Stat. § 15A-544.5(f)." Id. at 410, 725 S.E.2d at 97.
*789 Similarly, in the present case, both the 26 October 2015 order for Defendant's arrest and the 6 January 2016 release order explicitly indicated that "[t]his [was] [ ] [D]efendant's second or subsequent failure to appear" on these charges. Thus, applying the plain language found in N.C.G.S. § 15A-544.5(f), Bail Agent "had actual notice before executing [the] bail bond that [ ] [D]efendant had already failed to appear on two or more prior occasions in the case for which the bond was executed." Accordingly, the trial court lacked authority to set aside the forfeiture "for any reason." The evidence presented by Bail Agent at the hearing on the motion to set aside-Deputy McLaughlin's letter stating that Bail Agent had surrendered Defendant-was immaterial, because the language found in N.C.G.S. § 15A-544.5(f) is unequivocal.
*349 See , e.g. , State v. Davis , 364 N.C. 297, 302, 698 S.E.2d 65, 68 (2010) ("Courts must give an unambiguous statute its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained therein." (citation, quotation marks, and brackets omitted)).
According to the dissenting opinion, Adams is distinguishable from the present case because, in Adams , "no issue was asserted [before the trial court as to] whether the surety had seen, read, or had 'actual notice' of the [defendant's] release order[,]" because the surety "acknowledged that [it] had conducted an independent investigation to determine the veracity of the notation on the [defendant's] release order [indicating two or more prior failures to appear][.]" However, in Adams , this Court explicitly held that the efforts undertaken by the surety were inapposite with respect to the "actual notice" requirement in N.C.G.S. § 15A-544.5(f). The singular fact that "[the] defendant's prior failures to appear were noted on his release order ... supported the trial court's finding that [the] surety had actual notice as defined by N.C. Gen. Stat. § 15A-544.5(f)."[3] Adams , 220 N.C. App. at 411, 725 S.E.2d at 97.
*790 The dissenting opinion also submits that the Board of Education did not meet its burden of showing that Surety or Bail Agent had actually seen Defendant's release order such that they were aware that a box was checked indicating Defendant's prior failures to appear. However, that is not what the statute requires and is unsupported by its legislative history. The version of N.C.G.S. § 15A-544.5(f) in effect prior to 1 January 2010 provided:
In any case in which the State proves that the surety or the bail agent had notice or actual knowledge , before executing the bail bond, that the defendant had already failed to appear on two or more prior occasions, no forfeiture of that bond may be set aside for any reason.
See N.C. Session Law 2009-437 (eff. 1 January 2010) (emphases added); see also State v. Poteat , 163 N.C. App. 741, 746-47, 594 S.E.2d 253, 256 (2004) (construing the term "notice," in version of N.C.G.S. § 15A-544.5(f) then in effect, "to include constructive, as well as actual notice[,]" and concluding professional bondsman "through the exercise of proper diligence could have readily discovered the earlier bond forfeiture notices, arrest warrants, and orders for [the defendant's] arrest, any of which would have indicated that [the defendant] had a second prior failure to appear.").
During the 2009-2010 legislative session, our General Assembly amended N.C.G.S. § 15A-544.5(f) in several ways that inform our holding in the present case. Significantly, the General Assembly eliminated the "burden of proof" previously imposed upon the State to show notice by a surety or bail agent. It also replaced the phrase "notice or actual knowledge" with the current requirement of "actual notice," and expressly defined "actual notice" for purposes of the statute . See Pelham Realty Corp. v. Bd. of Transportation , 303 N.C. 424, 434, 279 S.E.2d 826, 832 (1981) ("It is within the power of the [L]egislature to define a word used in a statute, and that statutory definition controls the interpretation of that statute." (citations omitted)). We do not, as the dissenting opinion contends, read the requirement of "actual notice" in *350 N.C.G.S. § 15A-544.5(f) as encompassing "constructive" or "record" notice. We instead follow the exact wording of the statute as amended, under which a properly *791 marked release order is per se sufficient evidence of "actual notice." The State is not required to produce any additional evidence-including evidence that the surety or bail agent actually saw the release order before executing the bail bond. We stress that the question of whether a trial court, in applying N.C.G.S. § 15A-544.5(f), may consider evidence that, notwithstanding a properly marked release order , a surety or bail agent was prevented in some way from discovering a defendant's prior failures to appear is not presently before us.
We disagree with the dissenting opinion that "[n]othing in the record indicates whether the parties presented evidence at the hearing ... of whether Surety or Bail Agent had 'actual notice' of the notation on the release order indicating Defendant's prior failures to appear." As discussed above, the Board of Education was not required to present any evidence of "actual notice" beyond the properly marked release order itself, which was contained in Defendant's case file. See Adams , 220 N.C. App. at 411, 725 S.E.2d at 97 ("The trial court's finding ... that [the] defendant had failed to appear on two prior occasions was supported by competent evidence, because [the] defendant's shuck demonstrated that he had failed to appear [on two prior dates]." (emphasis added)). Moreover, the narration of the trial court proceedings submitted by the Board of Education-which Surety did not challenge-indicates that, during the hearing on the motion to set aside the forfeiture, Surety did not argue Bail Agent lacked notice of Defendant's prior failures to appear before executing the bond, and "[n]either the Board [of Education] nor Surety submitted any sworn testimony, affidavits or additional documents to the court[.]"[4] Thus, the record on appeal shows that the only evidence before the trial court related to the issue of notice was the exact evidence required to show "actual notice" under N.C.G.S. § 15A-544.5(f).[5]
*792 While not dispositive, we note that Surety has taken no action at any stage of this appeal. The record on appeal was settled by operation of the Rules of Appellate Procedure *351 after Surety took no action within the time allowed for responding to the proposed record compiled by the Board of Education. See N.C. R. App. P. 11(b) ; see also In re Clark , 159 N.C. App. 75, 80, 582 S.E.2d 657, 660 (2003) (noting that "[i]f an opposing party contended the record on appeal was inaccurate in any respect, the matter could be resolved by the trial judge in settling the record on appeal." (citation and internal quotation marks omitted)). Thereafter, only the Board of Education filed an appellate brief. Surety also did not object to the motion filed by the Board of Education to amend the record on appeal by adding a narration of the trial court hearing. See supra n.4-5; see also State v. Cobb , --- N.C. App. ----, ----, 803 S.E.2d 176, 179 (2017).
III. Conclusion
The record as submitted by the Board of Education "contains documentary evidence which, on its face, does not support the ruling of the trial court." Cobb , 803 S.E.2d at 180. Accordingly, we vacate the trial court's order allowing the motion to set aside the forfeiture.
VACATED.
Judge INMAN concurs.
Judge TYSON dissents with separate opinion.

"The Board's status as appellant in the instant case is due to its status as the ultimate recipient of the 'clear proceeds' of the forfeited appearance bond at issue herein, pursuant to Article IX, § 7 of the North Carolina Constitution." State v. Dunn , 200 N.C. App. 606, 607 n.1, 685 S.E.2d 526, 527 n.1 (2009) (citation omitted).

Notice of a bond forfeiture is effective when the notice is mailed. N.C. Gen. Stat. § 15A-544.4(d) (2015). "A forfeiture becomes a final judgment of forfeiture on the 150th day after notice of forfeiture is given, unless a motion to set aside the forfeiture is either entered on or before or is pending on that date." State v. Gonzalez-Fernandez , 170 N.C. App. 45, 48-49, 612 S.E.2d 148, 151 (2005) (citing N.C. Gen. Stat. § 15A-544.6 ).

This Court recently reached a similar conclusion in an unpublished decision, State v. Daniel , --- N.C. App. ----, 784 S.E.2d 237, 2016 WL 968457 (2016). In Daniel , a surety "attached to its motion to set aside [documentation showing that the defendant] had been served with an order of arrest for failure to appear, thus establishing a basis for set aside under [N.C.G.S. §] 15A-544.5(b)(4)." Id. , 2016 WL 968457 at *2.
However, also before the district court at the hearing [on the motion to set aside] was the [defendant's] second release order, indicating that [the defendant's] 22 October 2014 failure to appear was "a second or subsequent failure to appear" in the same matter. Under the plain language of subsection (f), this notation on the second release order constituted actual notice to the [s]urety that [the defendant] had previously failed to appear at least twice in the same matter, and, accordingly, deprived the district court of authority to set aside the bond forfeiture "for any reason [.]"
Id. (quoting N.C.G.S. § 15A-544.5(f) ) (emphasis in original). While Daniel is not controlling precedent, we find its reasoning persuasive. See , e.g. , State v. Foster , 222 N.C. App. 199, 204, 729 S.E.2d 116, 120 (2012).

No transcript of the trial court hearing on Surety's motion to set aside the forfeiture appears in the record before us. However, after filing the record on appeal and its appellate brief, the Board of Education filed a motion to amend the record on appeal to add a narration of the hearing, which is permitted by our Appellate Rules and encouraged when, as in the present case, an electronic transcript of the trial court proceedings is unavailable. See In re Clark , 159 N.C. App. 75, 80, 582 S.E.2d 657, 660 (2003) ("Where a verbatim transcript of the [trial court] proceedings is unavailable, there are means ... available for [a party] to compile a narration of the evidence, i.e., reconstructing the testimony with the assistance of those persons present at the hearing." (citation and internal quotation marks omitted)); see also N.C. R. App. P. 9(c)(1) (providing for narration of the evidence in record on appeal and, if necessary, settlement of record by the trial court on form of narration of the testimony). No objection was filed to the Board's motion to amend the record on appeal, and this Court allowed the motion on 7 August 2017.

In Daniel , see supra n.3, the appellant school board asserted on appeal that, at the hearing on the motion to set aside, the surety "[had] argued that the bail agent had not actually seen the second release order in [the defendant's] file when [the bail agent] posted the bond and thus lacked actual notice that [the defendant] had twice previously failed to appear in the same matter." Daniel , 2016 WL 968457 at *3. However, the record did not include a transcript of the hearing, and the trial court's order did not include any finding of fact on that issue. "Thus, the only competent evidence at the motion hearing conclusively established that, pursuant to N.C. Gen. Stat. § 15A-544.5(f), the district court was barred from setting aside the bond forfeiture." Id. (emphasis in original). The dissenting opinion reads Daniel as suggesting this Court would have considered evidence, if included in the record on appeal, that a bail agent did not actually see a defendant's release order in determining whether there was "actual notice" under N.C.G.S. § 15A-544.5(f). However, as the dissenting opinion concedes, we emphasized in Daniel that the record on appeal contained no evidence regarding whether the bail agent had in fact seen the relevant release order before posting the bond. The same is true in the present case. No evidence in the record before us reveals any argument by Surety that it lacked "actual notice" because Bail Agent never saw Defendant's release order. Furthermore, the narration of the hearing submitted by the Board of Education-and unopposed by Surety -affirmatively indicates that, at the hearing, Surety (1) did not make such an argument and (2) did not offer any evidence to the trial court other than the letter signed by Deputy McLaughlin stating Bail Agent had surrendered Defendant on 26 April 2016.