STATE OF NORTH CAROLINA v. JEFFREY CRAIG POTEAT, DEFENDANT

No. COA03-764

(Filed 20 April 2004)

**1. Bail and Pretrial Release— bond forfeiture—motion to set aside—constructive notice**

The trial court did not err by denying a professional bail bondsman's motion to set aside forfeiture of an appearance bond he posted on behalf of defendant for the purpose of securing defendant's appearance in court to answer charges of driving while license revoked and failure to appear, because: (1) N.C.G.S.

IN THE COURT OF APPEALS

§ 15A-544.5(f) does not require that a surety or bail agent have actual, rather than constructive, notice that a defendant has failed to appear on two or more prior occasions before the surety is precluded from having the forfeiture set aside; (2) a professional bondsman should reasonably be expected to understand an "OFA/FTA" notation on a release order as standing for "order for arrest/failure to appear," and the bondsman could have discovered the earlier bond forfeiture notices, arrest warrants and arrest orders by exercising proper diligence; and (3) the professional bondsman had a duty of inquiring further into the background of this matter before executing the appearance bond at issue.

**2. Bail and Pretrial Release— bond forfeiture—motion to set aside—prior failures to appear**

The trial court did not err in a driving while license revoked and failure to appear case by finding that defendant had two prior failures to appear and by denying a professional bail bondsman's motion to set aside the bond forfeiture on this basis even though the bondsman contends that defendant's failure to appear on 25 September 1995 by citation instead of under a bond should not count as a "failure to appear on two or more prior occasions" for purposes of N.C.G.S. § 15A-544.5(f), because: (1) the plain language of N.C.G.S. § 15A-544.5(f) provides only that the State must prove that defendant had already failed to appear on two or more prior occasions before forfeiture of the bond becomes absolute; and (2) even though the bondsman correctly notes that the subsection title of the statute states "No More Than Two Forfeitures May Be Set Aside Per Case," the language of the title of a statute is not permitted to control expressions in the body of a statute that conflict with it.

Appeal by bondsman-appellant from order denying motion to set aside forfeiture of a bail bond entered 21 April 2003 by Judge Donald W. Stephens in Alamance County Superior Court. Heard in the Court of Appeals 3 March 2004.

*Aaron E. Michel for bondsman-appellant.*

*David K. Holley for appellee Alamance-Burlington Board of Education.*

STATE v. POTEAT

[163 N.C. App. 741 (2004)]

ELMORE, Judge.

In this appeal we must determine whether the trial court erred by denying professional bail bondsman Tim Mathis' (Mathis) motion to set aside forfeiture of an appearance bond Mathis posted on behalf of Jeffrey Craig Poteat (Poteat) for the purpose of securing Poteat's appearance in court to answer charges of driving while license revoked and failure to appear. Because we conclude that the trial court correctly denied Mathis' motion, we affirm the trial court's order.

The underlying facts are as follows: on 29 August 1995, a North Carolina State Highway Patrol officer cited Poteat for driving while license revoked, a misdemeanor, on Interstate 40 near Burlington, North Carolina. The citation directed Poteat to appear in Alamance County District Court to answer the charge on 25 September 1995. After Poteat failed to appear in court on 25 September 1995, a warrant for his arrest for failure to appear as directed by the citation was issued on 4 October 1995, with bond set at $200.00 secured. On 5 November 1995, this warrant was returned unexecuted because the North Carolina State Highway Patrol was unable to locate Poteat.

Thereafter, on 30 September 1997, a new warrant for Poteat's arrest was issued based on the same facts and circumstances stated in the 4 October 1995 arrest warrant, with bond increased to $400.00 secured. As with the earlier arrest warrant, this warrant was returned unexecuted on 15 October 1997, this time by the Alamance County Sheriff's Department. The arrest warrant for failure to appear was reissued on 8 June 2001, and Poteat was arrested the same day. Poteat was released from jail later that day after Adean McBroom (McBroom), Poteat's mother, became surety for Poteat by posting an appearance bond for pretrial release in the amount of $400.00. Pursuant to a release order executed by an Alamance County Magistrate, Poteat was ordered to appear in Alamance County District Court on 11 June 2001.

On 11 December 2001, the Alamance County Clerk of Superior Court issued an order for Poteat's arrest after Poteat failed to appear in court on that date as directed.[1] The record on appeal does not contain a release order directing Poteat to appear in court on 11 December 2001, although the 11 December 2001 order for Poteat's

_____

1. The record on appeal is silent as to what action, if any, was taken regarding the charges pending against Poteat, or his failure to appear regarding same, between 8 June 2001 and 11 December 2001.

arrest states Poteat "has been arrested and released from custody and has failed to appear on 12/11/01 as required by the release order." On 31 December 2001, a bond forfeiture notice was entered notifying McBroom that the appearance bond she posted as surety for Poteat had been ordered forfeited due to Poteat's failure to appear in court on 11 December 2001. Meanwhile, Alamance County sheriff's deputies were unable to locate Poteat, and the 11 December 2001 order for his arrest was returned unserved on 20 February 2002.

In May 2002, a writ of execution was issued against Poteat, and McBroom as surety, seeking recovery by the State of North Carolina of the $400.00 appearance bond which had been forfeited by Poteat's failure to appear on 11 December 2001. This writ of execution was returned on 3 June 2002 because appellee Alamance-Burlington Board of Education (School Board) refused to advance the required levy fees.[2]

On 6 September 2002, a Mecklenburg County sheriff's deputy arrested Poteat after receiving the 11 December 2001 order for Poteat's arrest. A release order issued 6 September 2002 in Mecklenburg County set Poteat's bond at $9,200.00 secured and ordered him held in the Mecklenburg County jail for "pick-up by Alamance County." The portion of the release order entitled "Offense(s)" contained the following entries: "DWLR" for "driving while license revoked," and what appears to be "OFA/FTA," which, while somewhat difficult to read on the copy contained in the record, appears to stand for "order for arrest/failure to appear."

Appellant Mathis, a professional bail bondsman from Monroe, North Carolina who testified that he writes most of his bonds in Mecklenburg and Union counties, first became involved in these proceedings on 12 September 2002, when he entered into an appearance bond for Poteat's pretrial release in the amount of $9,200.00. On 30 September 2002, the Alamance County Clerk of Superior Court issued another order for Poteat's arrest, stating again that Poteat "has been arrested and released from custody and has failed to appear on 12/11/01 as required by the release order." The Alamance County Clerk's office then issued a second bond forfeiture notice, this time to Mathis as surety, indicating "Date of Forfeiture" as 30 September 2002, "Date of Notice Given" as 12 October 2002, and "Final Judgment

---

2. The Alamance-Burlington Board of Education's posture as the appellee in the instant appeal is due to its status as the ultimate recipient of the "clear proceeds" of the forfeited appearance bond at issue herein, pursuant to Article IX, Section 7 of the North Carolina Constitution.

Date" as 11 March 2003. Thus, it appears from the record that following Poteat's release on the appearance bond executed by Mathis on 12 September 2002, Poteat was directed to appear in court on 30 September 2002, and that Poteat failed to appear, for a third time, on that date.

On 10 March 2003, one day before the "Final Judgment Date" as indicated on the bond forfeiture notice served upon Mathis in October 2002, Mathis moved to set aside forfeiture of the $9,200.00 appearance bond he entered into as surety for Poteat on 12 September 2002. The School Board filed an objection to Mathis' motion on 20 March 2003. The trial court heard arguments on Mathis' motion on 21 April 2003 and denied the motion, on the grounds that Mathis had notice of Poteat's two prior failures to appear before entering into the 12 September 2002 appearance bond for Poteat's pretrial release. From this order, Mathis now appeals.

The issues are whether the trial court erred by (1) denying Mathis' motion to set aside the bond forfeiture where he had constructive notice of Poteat's two prior failures to appear, and (2) finding that Poteat had two prior failures to appear and denying Mathis' motion to set aside the bond forfeiture on this basis.

[1] By his first assignment of error, Mathis contends that N.C. Gen. Stat. § 15A-544.5(f) should be construed as requiring that a surety or bail agent have *actual*, rather than *constructive*, notice that a defendant has failed to appear on two or more prior occasions before the surety is precluded from having the forfeiture set aside. We disagree.

N.C. Gen. Stat. § 15A-544.5(f) provides as follows:

(f) No More Than Two Forfeitures May Be Set Aside Per Case.— In any case in which the State proves that the surety or the bail agent had *notice or actual knowledge*, before executing a bail bond, that the defendant had already failed to appear on two or more prior occasions, no forfeiture of that bond may be set aside for any reason.

N.C. Gen. Stat. § 15A-544.5(f) (2003) (emphasis added).

The record in the present case clearly shows that Poteat failed to appear in court as directed on at least two occasions, those being 25 September 1995 and 11 December 2001, before Mathis executed an appearance bond securing Poteat's appearance on 30 September 2002, and that Poteat subsequently failed to appear in court on that

date as well, resulting in forfeiture of the bond executed by Mathis. Because Mathis maintains that he was not aware of these two prior failures to appear before he executed the appearance bond at issue herein, we must determine whether the type of "notice" contemplated by N.C. Gen. Stat. § 15A-544.5(f) includes constructive notice. We conclude that it does.

In defining "notice," *Black's Law Dictionary* provides that "notice" may be either "actual, which brings the knowledge of a fact directly home to the party[,]" or "constructive," which is defined as "information or knowledge of a fact imputed by law to a person (although he may not actually have it), because he could have discovered the fact by proper diligence, and his situation was such as to cast upon him the duty of inquiring into it." *Black's Law Dictionary* 1061-62 (6th ed. 1990).

"The cardinal principle of statutory construction is that the intent of the legislature is controlling." *Nationwide Mutual Ins. Co. v. Mabe*, 342 N.C. 482, 494, 467 S.E.2d 34, 41 (1996). Adopting Mathis' interpretation of N.C. Gen. Stat. § 15A-544.5(f) as requiring only *actual* notice would render the statute's language concerning "actual knowledge" redundant and superfluous, and it is "a well settled principle of statutory construction that words of a statute are not to be deemed merely redundant if they can reasonably be construed so as to add something to the statute which is in harmony with its purpose." *In Re Watson*, 273 N.C. 629, 634, 161 S.E.2d 1, 6-7 (1968). "The purpose of [N.C. Gen. Stat. § 15A-544] is to regulate the forfeiture of bonds in criminal proceedings and to establish 'an orderly procedure for forfeiture.' " *State v. Cox*, 90 N.C. App. 742, 744, 370 S.E.2d 260, 261 (1988) (quoting *State v. Moore*, 57 N.C. App. 676, 678, 292 S.E.2d 153, 155 (1982).

We conclude that construing the term "notice" in N.C. Gen. Stat. § 15A-544.5(f) to include constructive, as well as actual, notice is in harmony with this statute's purpose. In the present case, when Mathis executed the appearance bond for Poteat in Mecklenburg County on 12 September 2002, the release order issued on 6 September 2002 upon Poteat's arrest in Mecklenburg County was available for Mathis' review as part of Poteat's Mecklenburg County court file. As noted above, this release order contained the notations "DWLR" and "OFA/FTA" in the section of the release order labeled "Offense(s)." A professional bondsman such as Mathis should reasonably be expected to understand an "OFA/FTA" notation on a release order as

STATE v. POTEAT

[163 N.C. App. 741 (2004)]

standing for "order for arrest/failure to appear." Mathis, especially in light of his status as a professional bondsman, could have discovered the 6 September 2002 release order by exercising proper diligence. Further, upon discovering that Poteat had at least one prior failure to appear, Mathis through the exercise of proper diligence could have readily discovered the earlier bond forfeiture notices, arrest warrants, and orders for Poteat's arrest, any of which would have indicated that Poteat had a second prior failure to appear. These are all public documents and were all part of Poteat's Alamance County court file. Mathis' situation as a professional bondsman, albeit one who writes bonds primarily in Mecklenburg and Union counties, cast upon him the duty of inquiring further into this matter's Alamance County background before executing the appearance bond at issue. Mathis' first assignment of error is overruled.

[2] By his second assignment of error, Mathis asserts that because Poteat was directed to appear in court on 25 September 1995 by citation and was not then under bond, his failure to appear on that date should not count as a "fail[ure] to appear on two or more prior occasions" for purposes of N.C. Gen. Stat. § 15A-544.5(f). Mathis argues that the statute is only intended to cover failures to appear which occur upon forfeiture of a bond. However, the statute's plain language states only that the State must prove that the defendant "had already failed to appear on two or more prior occasions" before forfeiture of the bond becomes absolute. *See* N.C. Gen. Stat. § 15A-544.5(f). When construing a statute, the words are to be given their ordinary meaning, unless it appears from the context that they should be used in a different sense. *Jordan v. Central Piedmont Community College,* 124 N.C. App. 112, 116, 476 S.E.2d 410, 412 (1996), *disc. review denied,* 345 N.C. 753, 485 S.E.2d 53-54 (1997). Mathis correctly notes that the subsection title of N.C. Gen. Stat. § 15A-544.5(f) is "No More Than Two Forfeitures May Be Set Aside Per Case[;]" however, our Supreme Court has stated that "the language of the title is not permitted to control expressions in the body of a statute that conflict with it." *State v. Bell,* 184 N.C. 701, 707, 115 S.E. 190, 193 (1922). Mathis' second assignment of error is overruled.

Affirmed.

Judges McCULLOUGH and BRYANT concur.