STATE OF NORTH CAROLINA v. FRED ADAMS, DEFENDANT AND BANKERS INSURANCE COMPANY, SURETY

No. COA11-988

(Filed 1 May 2012)

**Sureties—motion to set aside bond forfeiture—defendant failed to appear on two prior occasions—actual notice—denial of motion proper**

The trial court properly concluded that N.C.G.S. § 15A-544.5(f) barred the surety from having defendant's bond forfeiture set aside. Defendant's shuck provided sufficient evidence that defendant had failed to appear in court on two previous occasions and the surety had actual notice of this fact where defendant's release

order included an explicit finding that defendant had previously failed to appear on two occasions.

Appeal by surety from order entered 21 April 2011 by Judge Keith O. Gregory in Wake County District Court. Heard in the Court of Appeals 14 December 2011.

*Tharrington Smith, LLP, by Rod Malone and Benita N. Jones, for appellee Wake County Board of Education.*

*Bryant Saunders, PLLC, by Ta-Letta Saunders, for appellant Bankers Insurance Company.*

CALABRIA, Judge.

Bankers Insurance Company ("surety") appeals the trial court's order denying its motion to set aside the forfeiture of a bond posted by surety on behalf of Fred Adams ("defendant"). We affirm.

## I. Background

On 29 July 2009, defendant was charged with misdemeanor failure to file/pay income taxes. After his subsequent arrest, defendant posted a $5,000 appearance bond which was issued by Financial Casualty & Surety.

On 21 January 2010, defendant failed to appear in court as required and an order for arrest ("OFA") was issued. However, the OFA was recalled that same day by the district court judge and the failure to appear was stricken. On 11 May 2010, defendant again failed to appear in court, a new OFA was issued, and his case was rescheduled for 30 June 2010. Defendant again failed to appear on that date.

Defendant was subsequently re-arrested on the OFA. On 19 August 2010, the bail agent for surety issued defendant a $20,000 bond and defendant was released from custody. Defendant's release order included a finding by the magistrate that defendant had previously failed to appear two or more times in the instant case.

On 25 August 2010, defendant again failed to appear at his scheduled court appearance, and an OFA was issued. The bond issued by surety was forfeited. On 14 October 2010, surety filed a motion to set aside the forfeiture. The motion was opposed by the Wake County Board of Education.

After a hearing, the trial court denied surety's motion. The court concluded that surety had notice, via the release order, of defendant's previous failures to appear and that, as a result, N.C. Gen. Stat. § 15A-544.5(f) required the court to deny surety's motion. Surety appeals.

## II. Standard of Review

In a hearing on a motion to set aside a bond forfeiture, "the standard of review for this Court is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts." *State v. Dunn*, 200 N.C. App. 606, 608, 685 S.E.2d 526, 528 (2009).

## III. Bond Forfeiture

Surety argues that the trial court erred by denying its motion to set aside defendant's bond forfeiture. We disagree.

N.C. Gen. Stat. § 15A-544.5 governs the procedure under which a bond forfeiture may be set aside. This statute specifically forbids the trial court from setting aside a bond forfeiture under certain circumstances:

> (f) Set Aside Prohibited in Certain Circumstances.—No forfeiture of a bond may be set aside for any reason in any case in which the surety or the bail agent had actual notice before executing a bail bond that the defendant had already failed to appear on two or more prior occasions in the case for which the bond was executed. Actual notice as required by this subsection shall only occur if two or more failures to appear are indicated on the defendant's release order by a judicial official. The judicial official shall indicate on the release order when it is the defendant's second or subsequent failure to appear in the case for which the bond was executed.

N.C. Gen. Stat. § 15A-544.5(f) (2011). In the instant case, the trial court relied upon this provision in concluding that surety was not entitled to relief from forfeiture. Surety contends that this conclusion was erroneous and that the trial court's order included several findings of fact which were not supported by competent evidence.

### A. Failure to Appear

Surety first challenges the trial court's finding that defendant had previously failed to appear on 11 May 2010 and 30 June 2010. Surety

argues that the trial court's finding that defendant failed to appear on 30 June 2010 is not supported by any evidence.

The trial court based its finding that defendant had failed to appear on 30 June 2010 upon a notation on the outside of defendant's district court file ("shuck"). The notation, "CF 6-30-10," meant that defendant's name had been called out in district court and he failed to respond on that date. Surety contends that this notation was insufficient because the shuck did not also contain an OFA for defendant after he failed to appear on that date. Surety argues that an OFA is statutorily required when a defendant fails to appear and that without an OFA, the trial court could not find that defendant failed to appear.

N.C. Gen. Stat. § 15A-305 governs OFAs. Under this statute, "[a]n order for arrest *may* be issued when . . . [a] defendant who has been arrested and released from custody pursuant to Article 26 of this Chapter, Bail, fails to appear as required." N.C. Gen. Stat. § 15A-305 (2011) (emphasis added). Thus, contrary to surety's argument, this statute does not require a court to issue an OFA when a defendant fails to appear. It merely permits the court to do so. *See Felton v. Felton*, 213 N.C. 194, 198, 195 S.E. 533, 536 (1938) ("The word 'may' as used in statutes in its ordinary sense is permissive and not mandatory."). Accordingly, surety's argument that an OFA was required to be issued after defendant failed to appear on 30 June 2010 is without merit.

In the instant case, it is undisputed that defendant failed to appear on 11 May 2010, and that as a result, the court issued an OFA. That OFA was still outstanding when defendant failed to appear on his next scheduled court date, 30 June 2010. Consequently, it was unnecessary for the trial court to issue a second OFA. Defendant's shuck clearly notes that he failed to appear in court as required on 30 June 2010. This notation fully supports the trial court's finding. This argument is overruled.

B. Notice of Defendant's Failure to Appear

Surety next contends that the trial court erred in finding that surety had actual knowledge that defendant had already failed to appear on two or more occasions before surety executed defendant's bond. Pursuant to N.C. Gen. Stat. § 15A-544.5(f), "[a]ctual notice as required by this subsection shall only occur if two or more failures to appear are indicated on the defendant's release order by a judicial official."

Surety does not dispute that defendant's release order contains an explicit finding that "defendant was arrested or surrendered after failing to appear in a prior release order . . . two or more times in this case." Rather, surety claims that it determined after an independent investigation that this finding was erroneous. Surety states that its agent performed a search of the court system's computerized database and determined that defendant had only forfeited a bond once previously, for defendant's failure to appear on 11 May 2010. There was no information in the database regarding defendant's failure to appear on 30 June 2010. Surety contends that since the database did not indicate a forfeiture for 30 June 2010 and there was no OFA for that date placed in defendant's shuck, its agent should have been free to disregard the finding on the release order.

However, surety's reasoning is inconsistent with the plain language of N.C. Gen. Stat. § 15A-544.5(f). The statute only requires a finding on a release order "when it is the defendant's second or subsequent *failure to appear* in the case for which the bond was executed." N.C. Gen. Stat. § 15A-544.5(f) (2011)(emphasis added). Thus, it is only a defendant's failure to appear in court that is relevant to the judicial official who is entering a release order. The statute contains no requirements regarding the number of bond forfeitures or OFAs, and we may not judicially impose such additional requirements. *See State v. Davis*, 364 N.C. 297, 302, 698 S.E.2d 65, 68 (2010)("[C]ourts must give [an unambiguous] statute its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained therein." (internal quotations and citation omitted)). Accordingly, the fact that surety's investigation only revealed one prior bond forfeiture and one prior OFA is immaterial. As previously noted, defendant's shuck provided sufficient evidence that defendant had failed to appear on 11 May 2010 and 30 June 2010, and thus, the finding on defendant's release order was proper.

Since defendant's release order included a finding, supported by the evidence from his shuck, which reflected that he had previously failed to appear on two or more occasions, the trial court properly found that surety had actual notice as defined by N.C. Gen. Stat. § 15A-544.5(f). This finding, in turn, supported the trial court's conclusion that surety was not entitled to relief from forfeiture. This argument is overruled.

## IV.  Conclusion

The trial court's finding of fact that defendant had failed to appear on two prior occasions was supported by competent evidence, because defendant's shuck demonstrated that he had failed to appear on 11 May 2010 and 30 June 2010. Moreover, defendant's prior failures to appear were noted on his release order, and therefore supported the trial court's finding that surety had actual notice as defined by N.C. Gen. Stat. § 15A-544.5(f). Accordingly, the trial court properly concluded that N.C. Gen. Stat. § 15A-544.5(f) barred surety from having the forfeiture set aside. The trial court's order is affirmed.

Affirmed.

Judges BRYANT and STROUD concur.