IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA16-1293

 Filed: 3 October 2017

Wilson County, No. 14 CR 054745

STATE OF NORTH CAROLINA,

 v.

RICKY LEE HINNANT, Defendant,

 and

TERRENCE C. RUSHING, Bail Agent,

 and

AGENT ASSOCIATES INSURANCE, L.L.C., Surety.

 Appeal by Wilson County Board of Education from order entered 12 September

2016 by Judge John J. Covolo in District Court, Wilson County. Heard in the Court

of Appeals 7 August 2017.

 Schwartz & Shaw, P.L.L.C., by Kristopher L. Caudle and Rebecca M. Williams,
 for Wilson County Board of Education, Plaintiff-Appellant.

 No brief for Ricky Lee Hinnant, Defendant-Appellee.

 No brief for Terrence C. Rushing, Bail Agent.

 No brief for Agent Associates Insurance, L.L.C., Defendant-Appellee Surety.

 McGEE, Chief Judge.
 STATE V. HINNANT

 Opinion of the Court

 The Wilson County Board of Education (“the Board of Education”)1 appeals

from an order allowing a motion to set aside a bond forfeiture filed by Terrence C.

Rushing (“Bail Agent”) on behalf of Agent Associates Insurance, L.L.C. (“Surety”).

Because the record on appeal indicates that, at the time Surety posted the bond, it

had actual notice that defendant Ricky Lee Hinnant (“Defendant”) had failed to

appear in the same matter on at least two prior occasions, the trial court was

prohibited by statute from setting aside the bond forfeiture. Accordingly, we reverse.

 I. Background

 Defendant failed to appear in Wilson County Criminal District Court on 23

October 2015 on charges of driving while impaired. As a result of Defendant’s failure

to appear, an order was issued for his arrest on 26 October 2015. On the order for

arrest, a box was checked indicating “[t]his [was] [] [D]efendant’s second or

subsequent failure to appear on these charges.” Defendant was served with the order

for arrest on 6 January 2016 and released the same day on a secured bond posted by

Bail Agent in the amount of $16,000.00. Defendant’s 6 January 2016 release order

also explicitly indicated “[t]his was [] [D]efendant’s second or subsequent failure to

appear in this case.”

 1 “The Board’s status as appellant in the instant case is due to its status as the ultimate
recipient of the ‘clear proceeds’ of the forfeited appearance bond at issue herein, pursuant to Article
IX, § 7 of the North Carolina Constitution.” State v. Dunn, 200 N.C. App. 606, 607 n.1, 685 S.E.2d
526, 527 n.1 (2009) (citation omitted).

 -2-
 STATE V. HINNANT

 Opinion of the Court

 When Defendant again failed to appear in the same case on 15 April 2016, the

trial court ordered the bond forfeited, with a final judgment date of 15 September

2016. Notice of the forfeiture was given to Bail Agent and Surety on 18 April 2016.2

 Bail Agent filed a motion to set aside the forfeiture (“the motion to set aside”)

on 15 August 2016, on the basis that “[D]efendant ha[d] been surrendered by a surety

on the bail bond as provided by [N.C. Gen. Stat. §] 15A-540[.]” At a 12 September

2016 hearing on the motion to set aside, Bail Agent presented a letter from Deputy

J.D. McLaughlin (“Deputy McLaughlin”) of the Wilson County Sheriff’s Office, in

which Deputy McLaughlin stated:

 On [26 April 2016] Terrance [sic] Rushing[,] a Bondsmen
 [sic] for Wilson County brought [Defendant] to [the]
 magistrate’s office on case 14cr054745 to surrender. As I
 took [Defendant] to the jail I saw [Bail Agent] taking the
 surrender form to the Wilson County Jail Control Room to
 drop off.

The trial court found “that the moving party ha[d] established one or more of the

reasons specified in [N.C. Gen. Stat. §] 15A-544.5 for setting aside that forfeiture”

and allowed the motion to set aside. The Board of Education appeals.

 II. Motion to Set Aside Bond Forfeiture

 2 Notice of a bond forfeiture is effective when the notice is mailed. N.C. Gen. Stat. § 15A-
544.4(d) (2015). “A forfeiture becomes a final judgment of forfeiture on the 150th day after notice of
forfeiture is given, unless a motion to set aside the forfeiture is either entered on or before or is pending
on that date.” State v. Gonzalez-Fernandez, 170 N.C. App. 45, 48-49, 612 S.E.2d 148, 151 (2005) (citing
N.C. Gen. Stat. § 15A-544.6).

 -3-
 STATE V. HINNANT

 Opinion of the Court

 The Board of Education contends the trial court was statutorily barred from

setting aside the bond forfeiture in the present case and that no competent evidence

supported the trial court’s decision to set aside the bond forfeiture. We agree.

 A. Standard of Review

 In an appeal from an order setting aside a bond forfeiture, “the standard of

review for this Court is whether there was competent evidence to support the trial

court’s findings of fact and whether its conclusions of law were proper in light of such

facts.” State v. Dunn, 200 N.C. App. 606, 608, 685 S.E.2d 526, 528 (2009) (citation

omitted); see also N.C. Gen. Stat. § 15A-544.5(h) (2017) (providing in part that “[a]n

order on a motion to set aside a forfeiture is a final order or judgment of the trial

court for purposes of appeal. Appeal is the same as provided for appeals in civil

actions.”). Questions of law, including matters of statutory construction, are reviewed

de novo. See In re Hall, 238 N.C. App. 322, 324, 768 S.E.2d 39, 41 (2014) (citation

omitted) (“Resolution of issues involving statutory construction is ultimately a

question of law for the courts. Where an appeal presents a question of statutory

interpretation, full review is appropriate, and we review a trial court’s conclusions of

law de novo[.]”).

 B. Analysis

 “The exclusive avenue for relief from forfeiture of an appearance bond (where

the forfeiture has not yet become a final judgment) is provided in [N.C. Gen. Stat.]

 -4-
 STATE V. HINNANT

 Opinion of the Court

§ 15A-544.5.” State v. Williams, 218 N.C. App. 450, 451, 725 S.E.2d 7, 9 (2012)

(citation and quotation marks omitted); see also N.C. Gen. Stat. § 15A-544.5(a) (2017)

(stating in part that “[t]here shall be no relief from a forfeiture except as provided in

this section.”). In addition to enumerating the circumstances in which a bond

forfeiture must be set aside, including where “[t]he defendant has been surrendered

by a surety on the bail bond as provided by [N.C.G.S. §] 15A-540,” see N.C. Gen. Stat.

§ 15A-544.5(b)(3) (2017), the statute explicitly prohibits a court from setting aside a

bond forfeiture “for any reason in any case in which the surety or the bail agent had

actual notice before executing a bail bond that the defendant had already failed to

appear on two or more prior occasions in the case for which the bond was executed.”

N.C. Gen. Stat. § 15A-544.5(f) (2017) (emphasis added). N.C.G.S. § 15A-544.5(f)

further provides:

 Actual notice as required by this subsection shall only
 occur if two or more failures to appear are indicated on the
 defendant’s release order by a judicial official. The judicial
 official shall indicate on the release order when it is the
 defendant’s second or subsequent failure to appear in the
 case for which the bond was executed.

Id. (emphasis added).

 In State v. Adams, 220 N.C. App. 406, 725 S.E.2d 94 (2012), a surety challenged

the trial court’s finding that, pursuant to N.C.G.S. § 15A-544.5(f), the surety had

actual notice that the defendant had failed to appear on two or more prior occasions

before executing a bail bond. In that case, the surety “[did] not dispute that [the]

 -5-
 STATE V. HINNANT

 Opinion of the Court

defendant’s release order contain[ed] an explicit finding that [the] ‘defendant was

arrested or surrendered after failing to appear in a prior release order . . . two or more

times in this case.’” Id. at 410, 725 S.E.2d at 96. The surety instead contended that

it had conducted its own independent investigation and “determined that [the]

defendant had only forfeited a bond once previously[.]” Id. The surety argued that

because the court system’s computerized database did not contain information about

one of the defendant’s prior failures to appear, “its agent should have been free to

disregard the finding on the [defendant’s] release order.” Id.

 This Court held that the “surety’s reasoning [was] inconsistent with the plain

language of N.C. Gen. Stat. § 15A-544.5(f)[,]” because under the statute, “it is only a

defendant’s failure to appear in court that is relevant to the judicial official who is

entering a release order[,]” not the number of bond forfeitures or orders for arrest.

Id. We concluded that, “[s]ince [the] defendant’s release order included a finding . . .

which reflected that he had previously failed to appear on two or more occasions, the

trial court properly found that [the] surety had actual notice as defined by N.C. Gen.

Stat. § 15A-544.5(f).” Id. at 410, 725 S.E.2d at 97.

 Similarly, in the present case, both the 26 October 2015 order for Defendant’s

arrest and the 6 January 2016 release order explicitly indicated that “[t]his [was] []

[D]efendant’s second or subsequent failure to appear” on these charges. Thus,

applying the plain language found in N.C.G.S. § 15A-544.5(f), Bail Agent “had actual

 -6-
 STATE V. HINNANT

 Opinion of the Court

notice before executing [the] bail bond that [] [D]efendant had already failed to appear

on two or more prior occasions in the case for which the bond was executed.”

Accordingly, the trial court lacked authority to set aside the forfeiture “for any

reason.” The evidence presented by Bail Agent at the hearing on the motion to set

aside – Deputy McLaughlin’s letter stating that Bail Agent had surrendered

Defendant – was immaterial, because the language found in N.C.G.S. § 15A-544.5(f)

is unequivocal. See, e.g., State v. Davis, 364 N.C. 297, 302, 698 S.E.2d 65, 68 (2010)

(“Courts must give an unambiguous statute its plain and definite meaning, and are

without power to interpolate, or superimpose, provisions and limitations not

contained therein.” (citation, quotation marks, and brackets omitted)).

 According to the dissenting opinion, Adams is distinguishable from the present

case because, in Adams, “no issue was asserted [before the trial court as to] whether

the surety had seen, read, or had ‘actual notice’ of the [defendant’s] release order[,]”

because the surety “acknowledged that [it] had conducted an independent

investigation to determine the veracity of the notation on the [defendant’s] release

order [indicating two or more prior failures to appear][.]” However, in Adams, this

Court explicitly held that the efforts undertaken by the surety were inapposite with

respect to the “actual notice” requirement in N.C.G.S. § 15A-544.5(f). The singular

fact that “[the] defendant’s prior failures to appear were noted on his release order

 -7-
 STATE V. HINNANT

 Opinion of the Court

. . . supported the trial court’s finding that [the] surety had actual notice as defined

by N.C. Gen. Stat. § 15A-544.5(f).”3 Adams, 220 N.C. App. at 411, 725 S.E.2d at 97.

 The dissenting opinion also submits that the Board of Education did not meet

its burden of showing that Surety or Bail Agent had actually seen Defendant’s release

order such that they were aware that a box was checked indicating Defendant’s prior

failures to appear. However, that is not what the statute requires and is unsupported

by its legislative history. The version of N.C.G.S. § 15A-544.5(f) in effect prior to 1

January 2010 provided:

 In any case in which the State proves that the surety or the
 bail agent had notice or actual knowledge, before executing
 the bail bond, that the defendant had already failed to
 appear on two or more prior occasions, no forfeiture of that
 bond may be set aside for any reason.

 3 This Court recently reached a similar conclusion in an unpublished decision, State v. Daniel,
___ N.C. App. ___, 784 S.E.2d 237, 2016 WL 968457 (2016). In Daniel, a surety “attached to its motion
to set aside [documentation showing that the defendant] had been served with an order of arrest for
failure to appear, thus establishing a basis for set aside under [N.C.G.S. §] 15A-544.5(b)(4).” Id., 2016
WL 968457 at *2.

 However, also before the district court at the hearing [on the motion to
 set aside] was the [defendant’s] second release order, indicating that
 [the defendant’s] 22 October 2014 failure to appear was “a second or
 subsequent failure to appear” in the same matter. Under the plain
 language of subsection (f), this notation on the second release order
 constituted actual notice to the [s]urety that [the defendant] had
 previously failed to appear at least twice in the same matter, and,
 accordingly, deprived the district court of authority to set aside the
 bond forfeiture “for any reason[.]”

Id. (quoting N.C.G.S. § 15A-544.5(f)) (emphasis in original). While Daniel is not controlling precedent,
we find its reasoning persuasive. See, e.g., State v. Foster, 222 N.C. App. 199, 204, 729 S.E.2d 116, 120
(2012).

 -8-
 STATE V. HINNANT

 Opinion of the Court

See N.C. Session Law 2009-437 (eff. 1 January 2010) (emphases added); see also State

v. Poteat, 163 N.C. App. 741, 746-47, 594 S.E.2d 253, 256 (2004) (construing the term

“notice,” in version of N.C.G.S. § 15A-544.5(f) then in effect, “to include constructive,

as well as actual notice[,]” and concluding professional bondsman “through the

exercise of proper diligence could have readily discovered the earlier bond forfeiture

notices, arrest warrants, and orders for [the defendant’s] arrest, any of which would

have indicated that [the defendant] had a second prior failure to appear.”).

 During the 2009-2010 legislative session, our General Assembly amended

N.C.G.S. § 15A-544.5(f) in several ways that inform our holding in the present case.

Significantly, the General Assembly eliminated the “burden of proof” previously

imposed upon the State to show notice by a surety or bail agent. It also replaced the

phrase “notice or actual knowledge” with the current requirement of “actual notice,”

and expressly defined “actual notice” for purposes of the statute. See Pelham Realty

Corp. v. Bd. of Transportation, 303 N.C. 424, 434, 279 S.E.2d 826, 832 (1981) (“It is

within the power of the [L]egislature to define a word used in a statute, and that

statutory definition controls the interpretation of that statute.” (citations omitted)).

We do not, as the dissenting opinion contends, read the requirement of “actual notice”

in N.C.G.S. § 15A-544.5(f) as encompassing “constructive” or “record” notice. We

instead follow the exact wording of the statute as amended, under which a properly

marked release order is per se sufficient evidence of “actual notice.” The State is not

 -9-
 STATE V. HINNANT

 Opinion of the Court

required to produce any additional evidence – including evidence that the surety or

bail agent actually saw the release order before executing the bail bond. We stress

that the question of whether a trial court, in applying N.C.G.S. § 15A-544.5(f), may

consider evidence that, notwithstanding a properly marked release order, a surety or

bail agent was prevented in some way from discovering a defendant’s prior failures

to appear is not presently before us.

 We disagree with the dissenting opinion that “[n]othing in the record indicates

whether the parties presented evidence at the hearing . . . of whether Surety or Bail

Agent had ‘actual notice’ of the notation on the release order indicating Defendant’s

prior failures to appear.” As discussed above, the Board of Education was not

required to present any evidence of “actual notice” beyond the properly marked

release order itself, which was contained in Defendant’s case file. See Adams, 220

N.C. App. at 411, 725 S.E.2d at 97 (“The trial court’s finding . . . that [the] defendant

had failed to appear on two prior occasions was supported by competent evidence,

because [the] defendant’s shuck demonstrated that he had failed to appear [on two

prior dates].” (emphasis added)). Moreover, the narration of the trial court

proceedings submitted by the Board of Education – which Surety did not challenge –

indicates that, during the hearing on the motion to set aside the forfeiture, Surety

did not argue Bail Agent lacked notice of Defendant’s prior failures to appear before

executing the bond, and “[n]either the Board [of Education] nor Surety submitted any

 - 10 -
 STATE V. HINNANT

 Opinion of the Court

sworn testimony, affidavits or additional documents to the court[.]”4 Thus, the record

on appeal shows that the only evidence before the trial court related to the issue of

notice was the exact evidence required to show “actual notice” under N.C.G.S. § 15A-

544.5(f).5

 4 No transcript of the trial court hearing on Surety’s motion to set aside the forfeiture appears
in the record before us. However, after filing the record on appeal and its appellate brief, the Board of
Education filed a motion to amend the record on appeal to add a narration of the hearing, which is
permitted by our Appellate Rules and encouraged when, as in the present case, an electronic transcript
of the trial court proceedings is unavailable. See In re Clark, 159 N.C. App. 75, 80, 582 S.E.2d 657,
660 (2003) (“Where a verbatim transcript of the [trial court] proceedings is unavailable, there are
means . . . available for [a party] to compile a narration of the evidence, i.e., reconstructing the
testimony with the assistance of those persons present at the hearing.” (citation and internal quotation
marks omitted)); see also N.C. R. App. P. 9(c)(1) (providing for narration of the evidence in record on
appeal and, if necessary, settlement of record by the trial court on form of narration of the testimony).
No objection was filed to the Board’s motion to amend the record on appeal, and this Court allowed
the motion on 7 August 2017.

 5 In Daniel, see supra n.3, the appellant school board asserted on appeal that, at the hearing
on the motion to set aside, the surety “[had] argued that the bail agent had not actually seen the second
release order in [the defendant’s] file when [the bail agent] posted the bond and thus lacked actual
notice that [the defendant] had twice previously failed to appear in the same matter.” Daniel, 2016
WL 968457 at *3. However, the record did not include a transcript of the hearing, and the trial court’s
order did not include any finding of fact on that issue. “Thus, the only competent evidence at the
motion hearing conclusively established that, pursuant to N.C. Gen. Stat. § 15A-544.5(f), the district
court was barred from setting aside the bond forfeiture.” Id. (emphasis in original). The dissenting
opinion reads Daniel as suggesting this Court would have considered evidence, if included in the record
on appeal, that a bail agent did not actually see a defendant’s release order in determining whether
there was “actual notice” under N.C.G.S. § 15A-544.5(f). However, as the dissenting opinion concedes,
we emphasized in Daniel that the record on appeal contained no evidence regarding whether the bail
agent had in fact seen the relevant release order before posting the bond. The same is true in the
present case. No evidence in the record before us reveals any argument by Surety that it lacked “actual
notice” because Bail Agent never saw Defendant’s release order. Furthermore, the narration of the
hearing submitted by the Board of Education – and unopposed by Surety – affirmatively indicates that,
at the hearing, Surety (1) did not make such an argument and (2) did not offer any evidence to the
trial court other than the letter signed by Deputy McLaughlin stating Bail Agent had surrendered
Defendant on 26 April 2016.

 - 11 -
 STATE V. HINNANT

 Opinion of the Court

 While not dispositive, we note that Surety has taken no action at any stage of

this appeal. The record on appeal was settled by operation of the Rules of Appellate

Procedure after Surety took no action within the time allowed for responding to the

proposed record compiled by the Board of Education. See N.C. R. App. P. 11(b); see

also In re Clark, 159 N.C. App. 75, 80, 582 S.E.2d 657, 660 (2003) (noting that “[i]f an

opposing party contended the record on appeal was inaccurate in any respect, the

matter could be resolved by the trial judge in settling the record on appeal.” (citation

and internal quotation marks omitted)). Thereafter, only the Board of Education filed

an appellate brief. Surety also did not object to the motion filed by the Board of

Education to amend the record on appeal by adding a narration of the trial court

hearing. See supra n.4-5; see also State v. Cobb, 2017 WL 2945860 at *3 (2017).

 III. Conclusion

 The record as submitted by the Board of Education “contains documentary

evidence which, on its face, does not support the ruling of the trial court.” Cobb, 2017

WL 2945860 at *3. Accordingly, we vacate the trial court’s order allowing the motion

to set aside the forfeiture.

 VACATED.

 Judge INMAN concurs.

 Judge TYSON dissents with separate opinion.

 -2-
 No. COA16-1293 - State v. Hinnant

 Judge TYSON, dissenting.

 The majority’s opinion correctly states the controlling statute to set aside a

forfeiture, but erroneously concludes the substantial evidence presented by the Bail

Agent to support his motion to set aside the forfeiture of an appearance bond, and the

trial court’s findings of fact thereon, “[were] immaterial because the language found

in N.C.G.S. § 15A-544.5(f) is unequivocal.” As a result, the majority’s opinion

concludes ‘the trial court lacked authority to set aside the forfeiture ‘for any reason.’”

The Board of Education failed to present any evidence to supports its opposition to

the Bail Agent’s motion. I disagree with the majority opinion and respectfully

dissent.

 The record establishes Defendant was charged with driving while impaired in

Wilson County File No. 14 CRS 54745, and that a secured appearance bond was set

at $16,000, for which Bail Agent posted bond. Defendant failed to appear in court on

the scheduled trial date of 15 April 2016. The trial court ordered forfeiture of the

bond, and Bail Agent and Surety received notice of the forfeiture.

 On 15 August 2016, Bail Agent timely moved to have the bond forfeiture set

aside on the basis that “[D]efendant ha[d] been surrendered by a surety on the bail

bond as provided by [N.C. Gen. Stat. §] 15A-540[.]” The Bail Agent’s motion and

evidence of his surrender of Defendant to Deputy McLaughlin established a prima

facie showing under the statute that Defendant had been surrendered and the Surety

and Bail Agent were entitled to relief from forfeiture. N.C. Gen. Stat. § 15A-540

(2015).
 STATE V. HINNANT

 Tyson, J., dissenting

 The Board of Education objected to Bail Agent’s motion to set aside the

forfeiture of the bond. The Board of Education has appealed from the trial court’s

order of relief from forfeiture, which was based on the trial court’s finding of fact that

Bail Agent had established the existence of one or more statutorily-permissible

reasons for setting aside the bond forfeiture. The proper issue before this Court, and

not addressed by the majority’s opinion, is whether the findings of fact and

conclusions of law in the trial court’s order were supported by evidence adduced at

the hearing conducted by the trial court.

 I. Standard of Review

 “The standard of review on appeal where a trial court sits without a jury is

whether there was competent evidence to support the trial court’s findings of fact and

whether its conclusions of law were proper in light of such facts.” State v. Lazaro, 190

N.C. App. 670, 671, 660 S.E.2d 618, 619 (2008) (citation omitted). N.C. Gen. Stat. §

15A-544.5(h) states that an “order on a motion to set aside a forfeiture is a final order

or judgment of the trial court for purposes of appeal. Appeal is the same as provided

for appeals in civil actions.”

 The Board of Education is the appellant and “it is generally the appellant’s

duty and responsibility to see that the record is in proper form and complete and this

Court will not presume error by the trial court when none appears on the record to

 -2-
 STATE V. HINNANT

 Tyson, J., dissenting

this Court.” King v. King, 146 N.C. App. 442, 445-46, 552 S.E.2d 262, 265 (2001)

(internal quotation omitted) (emphasis supplied).

 It is undisputed that “[i]n North Carolina, forfeiture of an appearance bond is

controlled by statute.” State v. Robertson, 166 N.C. App. 669, 670, 603 S.E.2d 400,

401 (2004). “If a defendant who was released . . . upon execution of a bail bond fails

on any occasion to appear before the court as required, the court shall enter a

forfeiture for the amount of that bail bond in favor of the State against the defendant

and against each surety on the bail bond.” N.C. Gen. Stat. § 15A-544.3(a) (2015). “The

exclusive avenue for relief from forfeiture of an appearance bond . . . is provided in

G.S. § 15A-544.5. The reasons for setting aside a forfeiture are those specified in

subsection (b)[.]” Robertson, 166 N.C. App. at 670-71, 603 S.E.2d at 401. N.C. Gen.

Stat. § 15A-544.5 “clearly states that ‘there shall be no relief from a forfeiture’ except

as provided in the statute, and that a forfeiture ‘shall be set aside for any one of the

[reasons set forth in Section (b)(1-6)], and none other.’ ” State v. Sanchez, 175 N.C.

App. 214, 218, 623 S.E.2d 780, 782 (2005).

 II. N.C. Gen. Stat. § 15A-544

 N.C. Gen. Stat. § 15A-544.5 provides in relevant part that the procedure

governing a surety’s request to have a bond forfeiture set aside is as follows:

 (1) . . . [A]ny of the following parties on a bail bond may
 make a written motion that the forfeiture be set aside: . . .

 -3-
 STATE V. HINNANT

 Tyson, J., dissenting

Any surety. . . . a bail agent acting on behalf of an insurance
company. The written motion shall state the reason for the
motion and attach to the motion the evidence specified in
subsection (b) of this section.

(2) The motion shall be filed in the office of the clerk of
superior court[.] . . . The moving party shall, under G.S. 1A-
1, Rule 5, serve a copy of the motion on the district attorney
for that county and on the attorney for the county board of
education.

(3) Either the district attorney or the county board of
education may object to the motion by filing a written
objection in the office of the clerk and serving a copy on the
moving party.

(4) If neither the district attorney nor the attorney for the
board of education has filed a written objection to the
motion by the twentieth day after a copy of the motion is
served by the moving party . . . the clerk shall enter an
order setting aside the forfeiture, regardless of the basis for
relief asserted in the motion, the evidence attached, or the
absence of either.

(5) If either the district attorney or the county board of
education files a written objection to the motion, then . . . a
hearing on the motion and objection shall be held in the
county, in the trial division in which the defendant was
bonded to appear.

(6) If at the hearing the court allows the motion, the court
shall enter an order setting aside the forfeiture.

(7) If at the hearing the court does not enter an order
setting aside the forfeiture, the forfeiture shall become a
final judgment of forfeiture[.]

 -4-
 STATE V. HINNANT

 Tyson, J., dissenting

 (8) If at the hearing the court determines that the motion
 to set aside was not signed or that the documentation
 required to be attached pursuant to subdivision (1) of this
 subsection is fraudulent or was not attached to the motion
 at the time the motion was filed, the court may order
 monetary sanctions against the surety filing the motion,
 unless the court also finds that the failure to sign the
 motion or attach the required documentation was
 unintentional. . . .

 N.C. Gen. Stat. § 15A-544.5 prohibits a court from setting aside a bond

forfeiture “for any reason in any case in which the surety or the bail agent had actual

notice before executing a bail bond that the defendant had already failed to appear on

two or more prior occasions in the case for which the bond was executed.” N.C. Gen.

Stat. § 15A-544.5(f) (emphasis supplied). N.C. Gen. Stat. § 15A-544.5(f) further

provides:

 Actual notice as required by this subsection shall only
 occur if two or more failures to appear are indicated on the
 defendant’s release order by a judicial official. The judicial
 official shall indicate on the release order when it is the
 defendant’s second or subsequent failure to appear in the
 case for which the bond was executed.

 The Board of Education, as appellant, failed to include any audio recordings or

transcripts of testimony presented at the hearing in the record on appeal. The Board

of Education tendered a post hoc narrative summarizing the events of the bond

forfeiture hearing. Addressing whether the trial court was statutorily prohibited by

 -5-
 STATE V. HINNANT

 Tyson, J., dissenting

N.C. Gen. Stat. § 15A-544.5(f) from granting the motion to set aside the forfeiture,

the narrative asserts:

 [Board’s attorney] further stated that the bond at issue was
 a Bond C and that Surety had actual notice that the
 criminal defendant had failed to appear on two or more
 previous occasions in the case. [Board’s attorney] stated
 that, based on these facts, notwithstanding any grounds to
 set aside under § 15A-544.5(b)(3), the court was statutorily
 prohibited from granting the motion to set aside for any
 reason pursuant to N.C. Gen. Stat. § 15A-544.5(f).

 Statements of counsel to the court are not competent evidence to support or

reverse the trial court’s order. See State v. Crouch, 74 N.C. App. 565, 567, 328 S.E.2d

833, 835 (1985) (holding “counsel’s statements were not competent evidence[.]”). The

majority opinion characterizes N.C. Gen. Stat. § 15A-544.5(f) as being “unambiguous”

regarding when a surety or bail agent has actual notice of the release order. I

disagree.

 When the language of a statute is clear and without
 ambiguity, it is the duty of this Court to give effect to the
 plain meaning of the statute, and judicial construction of
 legislative intent is not required. See Burgess v. Your
 House of Raleigh, Inc., 326 N.C. 205, 209, 388 S.E.2d 134,
 136 (1990). However, when the language of a statute is
 ambiguous, this Court will determine the purpose of the
 statute and the intent of the legislature in its enactment.
 See Coastal Ready-Mix Concrete Co. v. Bd. of Comm’rs of
 Town of Nags Head, 299 N.C. 620, 629, 265 S.E.2d 379, 385
 (1980) (“The best indicia of that intent are the language of
 the statute or ordinance, the spirit of the act and what the
 act seeks to accomplish.”).

 -6-
 STATE V. HINNANT

 Tyson, J., dissenting

Diaz v. Div. of Soc. Servs. & Div. of Med. Assistance, N.C. Dep’t of Health & Human

Servs., 360 N.C. 384, 387, 628 S.E.2d 1, 3 (2006).

 “[T]he language of a statute will be interpreted so as to avoid an absurd

consequence. A statute is never to be construed so as to require an impossibility if

that result can be avoided by another fair and reasonable construction of its terms.”

Hobbs v. County of Moore, 267 N.C. 665, 671, 149 S.E.2d 1, 5 (1966) (citations and

quotation marks omitted).

 The majority opinion interprets the statutory language of “[a]ctual notice . . .

shall only occur if two or more failures to appear are indicated on the defendant’s

release order by a judicial official” in the statute to conclude a bail agent has received

“actual notice” a defendant has failed to appear on two or more prior occasions, if the

box checked on the release order so indicates, regardless of whether the bail agent

actually saw the release order. Interpreting “actual notice,” as the majority opinion

does, would change “actual notice” to mean “constructive” or “record” notice. N.C.

Gen. Stat. § 15A-544.5(f). “Actual” is defined as “existing in fact or reality[.]” The

American Heritage College Dictionary 77 (2d ed. 1982). The phrase “actual notice”

has been defined as “the actual awareness or direct notification of a specific fact or

proceeding to a person.” USLegal, Definitions, “Actual Notice Law and Legal

Definition,” http://definitions.uslegal.com/a/actual-notice/ (last visited Sept. 11,

 -7-
 STATE V. HINNANT

 Tyson, J., dissenting

2017).

 “[T]o charge one with notice, the activating information known to the party

sought to be charged must ordinarily be such as may reasonably be said to excite

inquiry respecting the particular fact or facts necessary to be disclosed in order to fix

the party charged with notice.” Perkins v. Langdon, 237 N.C. 159, 168, 74 S.E.2d 634,

642 (1953) (citations omitted). “[I]mplicit in the principles that underlie the doctrine

of constructive notice is the concept that before one is affected with notice of whatever

reasonable inquiry would disclose, the circumstances must be such as to impose on

the person sought to be charged a duty to make inquiry.” Id. at 168, 74 S.E.2d at 642

(citations omitted).

 The General Assembly’s specific choice of “actual notice,” and not

“constructive” or “record” notice, in N.C. Gen. Stat. § 15A-544.5(f) is evident from the

legislative history. Before 1 January 2010, N.C. Gen. Stat. § 15A-544.5(f) read as

follows:

 (f) No More Than Two Forfeitures May Be Set Aside Per
 Case. -- In any case in which the State proves that the
 surety or the bail agent had notice or actual knowledge,
 before executing a bail bond, that the defendant had
 already failed to appear on two or more prior occasions, no
 forfeiture of that bond may be set aside for any reason.

N.C. Gen. Stat. § 15A-544.5(f) (2009) (emphasis added), amended by 2009 N.C. Sess.

Laws 2009-437.

 -8-
 STATE V. HINNANT

 Tyson, J., dissenting

 This Court had interpreted “notice” in the prior statute to encompass

“constructive,” as well as “actual,” notice to comply with the former version of N.C.

Gen. Stat. § 15A-544.5(f). See State v. Poteat, 163 N.C. App. 741, 746, 594 S.E.2d 253,

256 (2004) (“We conclude that construing the term ‘notice’ in N.C. Gen. Stat. § 15A-

544.5(f) to include constructive, as well as actual, notice is in harmony with this

statute’s purpose.”)

 To construe “actual notice” in the current version of N.C. Gen. Stat. § 15A-

544.5(f) to encompass “constructive” or “record” notice would create an “absurd

consequence” in light of the plain language of the statute and the legislative history

showing the statute was amended to specifically require the bail agent to have

received “actual notice” versus the more general “notice or actual knowledge.” See

2009 N.C. Sess. Laws 2009-437 (amending “notice” in § 15A-544.5(f) to “actual

notice”); Hobbs, 267 N.C. at 671, 149 S.E.2d at 5 (“[T]he language of a statute will be

interpreted so as to avoid an absurd consequence.”).

 The majority opinion cites two cases to support its interpretation of N.C. Gen.

Stat. § 15A-544.5(f), State v. Adams and State v. Daniel, an unpublished case.

Neither case controls the issues before us.

 This Court held in State v. Adams, 220 N.C. App. 406, 410-11, 725 S.E.2d 94,

97 (2012), competent evidence was presented and supported the trial court’s finding

 -9-
 STATE V. HINNANT

 Tyson, J., dissenting

that the surety had received “actual notice,” as defined by N.C. Gen. Stat. § 15A-

544.5(f), because the defendant’s prior failures to appear were noted on his release

order. However, the majority opinion’s use of Adams to read “actual notice” as

encompassing “constructive” or “implied” notice in N.C. Gen. Stat. § 15A-544.5(f) to

vacate the trial court’s order before us is inapposite.

 In Adams, no issue was asserted whether the surety had seen, read, or had

“actual notice” of the release order. See Adams at 410, 725 S.E.2d at 96. The surety

acknowledged that its bail agent had conducted an independent investigation to

determine the veracity of the notation on the release order that “defendant had

already failed to appear on two or more occasions” before the surety executed the

defendant’s surety bond. Id. at 409, 725 S.E.2d at 96. Adams does not support the

conclusion to vacate here.

 This Court in State v. Daniel, ___ N.C. App. ___, 784 S.E.2d 237, 2016 WL

968457 (2016) (unpublished) held the district court was deprived of authority to set

aside a bond forfeiture, where the defendant’s release order indicated the defendant

had failed to appear on two or more occasions. Daniel, 2016 WL 968457 at *2.

However, in Daniel, this Court implied it would have considered evidence that the

surety’s bail agent did not see the defendant’s release order before the bail agent

posted bond as pertinent to the issue of whether the surety had “actual notice”. Id.

 -10-
 STATE V. HINNANT

 Tyson, J., dissenting

This Court in Daniel noted that competent evidence indicating the bail agent had not

seen the release order was not included in the record and declined to address whether

the surety had received actual notice on that basis. Id. *3. Daniel is also an

unpublished case and does not constitute binding precedent upon this Court. N.C. R.

App. P. 30(e)(3).

 The Board of Education has not met its statutory burden to produce evidence

to show Surety or Bail Agent had received “actual notice” of the release order so that

they were apprised that one of the boxes on it was checked to indicate, this was

“defendant’s second or subsequent failure to appear in this case.” See N.C. Gen. Stat.

§ 15A-544.5(f) (“Actual notice as required by this subsection shall only occur if two or

more failures to appear are indicated on the defendant’s release order by a judicial

official”).

 Given the total absence of anything in the record, other than counsel’s

statements, of the evidence presented to the trial court showing whether the Surety

or Bail Agent had received “actual notice” of the release order, any conclusion reached

by this Court regarding the merits of the trial court’s order will, of necessity, be based

upon implication, assumption, or speculation. The majority opinion’s holding is based

upon the presumption that the trial court erred by not finding Bail Agent had actual

 -11-
 STATE V. HINNANT

 Tyson, J., dissenting

notice in the absence of any evidence of proof. This is an intolerable burden for an

appellee to meet and is wholly inconsistent with our standard of review.

 The long-standing rule of our appellate courts demands we not presume error

upon a silent record. “[W]here the record is silent on a particular point, it will be

presumed that the trial court acted correctly.” State v. Thomas, 344 N.C. 639, 646,

477 S.E.2d 450, 453 (1996) (citations omitted).

 On 17 August 2016, the Board of Education filed its objection to the Bail

Agent’s motion, and a hearing was scheduled for 12 September 2016. Following the

hearing, Judge Covolo entered an order allowing Surety’s motion and setting aside

the bond forfeiture, based upon a finding of fact and conclusion of law that:

 Upon due notice, a hearing was held on the above Objection
 to the Motion To Set Aside Forfeiture. The Court finds that
 on the “Date of Bond” shown on the reverse the moving
 party named above executed a bond for the defendant’s
 appearance in the case(s) identified[.] . . . On the “Failure
 to Appear” date shown on the reverse, the defendant failed
 to appear to answer the charges in the case(s), and
 forfeiture of the bond was entered on that date. Notice of
 forfeiture was mailed to the moving party

 ....

 The Court finds . . . that the moving party has established
 one or more of the reasons specified in [N.C. Gen. Stat. §]
 15A-544.5 for setting aside that forfeiture

 ....

 -12-
 STATE V. HINNANT

 Tyson, J., dissenting

 The above Motion is allowed and the forfeiture is set aside.

 “[I]t is generally the appellant’s duty and responsibility to see that the record

is in proper form and complete and this Court will not presume error by the trial court

when none appears on the record to this Court.” King, 146 N.C. App. at 445-46, 552

S.E.2d at 265 (internal quotation omitted). Instead, “[w]here the record is silent on

a particular point, we presume that the trial court acted correctly.” Granville Med.

Ctr. v. Tipton, 160 N.C. App. 484, 488-89, 586 S.E.2d 791, 795 (2003); see also Phelps

v. McCotter, 252 N.C. 66, 67, 112 S.E.2d 736, 737 (1960) (noting “the well established

[sic] principle that there is a presumption in favor of the regularity and validity of

the proceedings in the lower court”). “The rulings, orders and judgments of the trial

judge are presumed to be correct, and the burden is on the appealing party to rebut

the presumption of verity on appeal.” Hocke v. Hanyane, 118 N.C. App. 630, 635, 456

S.E.2d 858, 861 (1995) (citation, alteration, and quotation marks omitted).

 The only relevant issue on appeal before this Court is whether the trial court’s

findings of fact and conclusions of law in the order were properly entered in light of

the competent evidence adduced at the hearing. The Board of Education produced no

evidence, to contradict the Bail Agent’s competent and substantive evidence at the

hearing, only statements of counsel.

 -13-
 STATE V. HINNANT

 Tyson, J., dissenting

 The Board’s post hoc narrative summarizing the events of the hearing contains

nothing to show the Board of Education presented any evidence of the Bail Agent or

Surety having received “actual notice” or seeing the release order before executing

the bail bond. In the course of settling the record on appeal, pursuant to N.C. R. App.

P. 11, the Board of Education could have submitted an affidavit from the appellant’s

trial counsel regarding the evidence the Board and Surety submitted at the hearing,

or if the parties agreed on the evidentiary history of this matter, they might have

stipulated to the identity of the documents or testimony offered at the hearing.

Alternatively, the appellant could have filed a motion pursuant to N.C. Gen. Stat. §

1A-1, Rule 52(b) (2015), asking the court to “amend its findings or make additional

findings[.]”

 Nothing in the record indicates whether Surety or Bail Agent had received

“actual notice” of the notation on the release order indicating Defendant’s prior

failures to appear. “‘The longstanding rule is that there is a presumption in favor of

regularity and correctness in proceedings in the trial court, with the burden on the

appellant to show error.’ Unless the record reveals otherwise, we presume ‘that

judicial acts and duties have been duly and regularly performed.’” In re A.R.H.B., 186

N.C. App. 211, 219, 651 S.E.2d 247, 253 (2007) (quoting L. Harvey & Son Co. v.

 -14-
 STATE V. HINNANT

 Tyson, J., dissenting

Jarman, 76 N.C. App. 191, 195-96, 333 S.E.2d 47, 50 (1985), and Lovett v. Stone, 239

N.C. 206, 212, 79 S.E.2d 479, 483 (1954)). It was the Board’s duty as the appellant,

 and not the duty of this Court, to challenge findings and
 conclusions, and make corresponding arguments on
 appeal. It is not the job of this Court to “create an appeal
 for” [Appellant]. . . . . “It is not the duty of this Court to
 supplement an appellant’s brief with legal authority or
 arguments not contained therein. Th[ese] [arguments are]
 deemed abandoned by virtue of N.C. R. App. P. 28(b)(6).”

 Sanchez v. Cobblestone Homeowners Ass’n., __ N.C. App. __, __, 791 S.E.2d 238,

245-46 (2016) (citations omitted).

 We should not reach a contrary conclusion on the validity of the trial court’s

order, and vacate that order, without a record of what evidence the parties presented

at the hearing regarding the Bail Agent or Surety’s “actual notice.”

 III. Conclusion

 In the absence of any record of the proceedings before the trial court showing

what evidence was, or was not, presented, the Board has failed to meet its burden to

show error in the trial court’s order. This Court has, until now, consistently followed

the well-established rule and has not presumed that the trial court has erred and

vacated its order in the absence of a showing of any error by the appellant. Granville,

160 N.C. App. at 488-89, 586 S.E.2d at 795.

 -15-
 STATE V. HINNANT

 Tyson, J., dissenting

 The Board of Education has failed to meet its burden on appeal to show error,

or to rebut the Bail Agent’s prima facie showing of entitlement to relief under the

statute based upon competent evidence. The record contains no evidence upon which

we can undermine the validity of the trial court’s ruling. The majority’s opinion

avoids any analysis of the Board’s burden on appeal.

 Our consistent precedents require us to presume the trial court’s findings of

fact and conclusions of law are properly supported and correct, and to affirm the trial

court’s order. See id.; see also In re A.R.H.B., 186 N.C. App. at 219, 651 S.E.2d at 253;

King, 146 N.C. App. at 445-46, 552 S.E.2d at 265; Hocke, 118 N.C. App. at 635, 456

S.E.2d at 861. For these reasons, I vote to affirm the trial court’s order and

respectfully dissent.

 -16-